COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-443-CR

 

 

ROBERT LANCE MORRISON                                                  APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 213TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

In fifteen points, appellant
Robert Lance Morrison appeals his conviction of aggravated sexual assault of a
child.  We affirm.

BACKGROUND








Appellant lived across the
hall from the four-year-old complainant, J.H. On April 2, 2005, J.H.=s mother, Lisa, let J.H. and his six-year-old brother R.J. stay at
Appellant=s apartment
for around half an hour.  She checked on
them about three times while they were there.

Lisa collected J.H. first,
bathed him and put him down for a nap. 
When she went back to get R.J., twenty minutes later, the apartment door
was locked; once the door was unlocked, she found R.J. behind a reclining
chair, crying and whimpering.  She took
R.J. home.  When her husband came home,
they called the police.  Officer Brian
Laurie was dispatched to the apartment complex to investigate; he met with the
parents, obtained their statements, and issued a criminal trespass warning to
Appellant.  He did not speak with J.H. or
R.J.








Outside the jury=s presence, Lisa testified that, the next morning, J.H. told her that
Appellant had made him suck Appellant=s penis.  On April 7, J.H. was
interviewed by Carrie Paschall, a child forensic interviewer with the district
attorney=s office.  Paschall testified at
trial that J.H. told her that Appellant stuck his penis into J.H.=s mouth at Appellant=s home and that J.H. demonstrated this by placing his own mouth on the
penis of an anatomically correct doll. 
On April 27, Virginia Caldwell, a sexual assault nurse examiner,
examined J.H.  She testified at trial
that J.H. told her, A[Appellant],
I suck him penis.  Him make me to.@  She testified that there were
no physical findings from her exam of J.H. but that this was not uncommon.  Both Caldwell and Paschall testified that
J.H. told them that it happened one time.

Two hearings were held
outside the jury=s presence
on the admissibility of J.H.=s outcry and the proper identity of the outcry witness.  The trial judge found that Paschall was the
properly designated outcry witness. Appellant objected to Caldwell and Paschall=s testimony as hearsay and as violating his rights of
cross-examination and confrontation; he objected to J.H.=s testimony on competency grounds. 
The trial judge overruled these objections and most of Appellant=s objections during the State=s closing arguments.  Appellant
pled not guilty to aggravated sexual assault of a child.[2]
The jury found him guilty.  The judge
assessed his punishment at life imprisonment after Appellant pled true to the
habitual offender allegations.

ADMISSIBILITY

Appellant complains about the
admissibility of certain evidence in his third, fourth, fifth, sixth, and
fifteenth points.

 








Abuse Of Discretion

We review a trial court=s decision to admit or exclude evidence under an abuse of discretion
standard.  Green v. State, 934
S.W.2d 92, 101‑02 (Tex. Crim. App. 1996), cert. denied, 520 U.S.
1200 (1997); Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991) (op. on reh=g).  Whether a child witness is competent to
testify is reviewed under the same standard. 
Woods v. State, 14 S.W.3d 445, 450 (Tex. App.CFort Worth 2000, no pet.).  If
the court=s decision
falls outside the Azone of
reasonable disagreement,@ it has
abused its discretion.  Montgomery,
810 S.W.2d at 391.  As long as the trial
court=s ruling falls within the zone of reasonable disagreement, however, we
will affirm its decision.  Moses v.
State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  The trial court=s decision must be reasonable in view of all the relevant facts.  Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997).  Unless the
trial court has abused its  discretion by
ruling arbitrarily or capriciously on relevance, admissibility, or competence,
such rulings will not be disturbed on appeal. 
See Moreno v. State, 858 S.W.2d 453, 463 (Tex. Crim. App.), cert.
denied, 510 U.S. 966 (1993); Green, 934 S.W.2d at 101-02; Woods,
14 S.W.3d at 450.

 

 








Outcry Witness

In his fourth point,
Appellant asserts that the trial court reversibly erred and abused its
discretion in permitting Paschall to testify before the jury about J.H.=s statements to her because Paschall was not the Aoutcry witness@ as
determined by article 38.072 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 38.072 (Vernon 2006).

Hearsay is a statement, other
than one made by the declarant while testifying at a trial or hearing, offered
in evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  A Astatement@ may be a
verbal expression or nonverbal conduct.  Tex. R. Evid. 801(a).  An outcry statement is an exception to the
hearsay rule for the first report of sexual abuse that a victimized child makes
to a person over the age of eighteen.  See
Tex. Code Crim. Proc. Ann. art.
38.072, ' 2(a).








Lisa testified outside the
jury=s presence that she and her husband were over eighteen and that Athe next morning, [J.H.] told my husband and I that [Appellant] made
him suck his penis.@  Paschall, whom the State had designated as
the outcry witness, did not speak with J.H. until after J.H. told his
parents.  Paschall testified that J.H.
said that Appellant Amade [J.H.]
suck his penis,@ that it
happened one time, and that J.H. demonstrated the act using an anatomically
correct doll.  Because J.H.=s statements to Paschall came after he had already made them to his
parents,[3]
Paschall did not qualify as the proper outcry witness and the trial court abused
its discretion by ruling that she was.  See
Tex. Code Crim. Proc. Ann. art.
38.072, ' 2; Moreno, 858 S.W.2d at 463. 
J.H.=s statements
to Paschall were hearsay.[4]  Before addressing harm, we will also consider
Appellant=s
confrontation argument with regard to Paschall=s testimony.

Rights To Confrontation & Cross‑Examination

In his third point, Appellant
asserts that the trial court reversibly erred and abused its discretion in
permitting Paschall to testify about J.H.=s statements before the jury because this violated Appellant=s constitutional rights to confrontation and cross‑examination.  In his fifth point, he asserts the same
constitutional claim as to Caldwell=s testimony pertaining to J.H.=s statements.








We will uphold a trial court=s evidentiary ruling if it is reasonably supported by the record and
is correct under any theory of applicable law. 
Martin v. State, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); see
Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), cert. denied,
509 U.S. 926 (1993).  In deciding whether
the admission of these statements violated Appellant=s right to confrontation, we review the trial court=s ruling de novo. Wall v. State, 184 S.W.3d 730, 742-43 (Tex.
Crim. App. 2006).

To implicate the
Confrontation Clause, the out‑of‑court statement at issue must have
been (1) made by an absent declarant and (2) testimonial in nature. Crawford
v. Washington, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004); King v.
State, 189 S.W.3d 347, 358 (Tex. App.CFort Worth 2006, no pet.).

Crawford=s holding applies only when the extrajudicial testimonial statements
of a witness who does not testify at trial are sought to be admitted.  See Crawford, 541 U.S. at 59,
124 S. Ct. at 1369.  When the declarant
appears for cross‑examination at trial, the Confrontation Clause places
no constraints at all on the use of his prior testimonial statements.  Id. at 59 n.9, 124 S. Ct. at 1369
n.9.  J.H. testified at trial and
Appellant had the opportunity to cross‑examine him, but chose not to;
therefore, Crawford=s reasoning, at first glance, would not seem to apply.  See Crawford v. State, 139 S.W.3d 462,
465 (Tex. App.CDallas 2004,
pet. ref=d) (holding that testimonial hearsay was admissible when declarant
testified at trial and was subject to cross‑examination).








However, Appellant argued at
trial that in light of J.H.=s testimony, the history that Caldwell took down from J.H. was Asimply a substitute for his testimony and . . . [would be] supplying
testimony that [J.H.] was simply unwilling and unable to give,@ translating into testimonial evidence.  He argued that allowing Paschall to testify
about J.H.=s statements
to her, when J.H. had failed to testify as to the elements of the offense
before the jury, Awould not
only bolster [J.H.=s]
testimony, but would, in essence, supply missing testimony of the complaining
witness and would, in essence, be the testimony of that witness.@  Therefore, we must address
whether, in the absence of any direct testimony by the declarant, J.H., of the
elements of the offense,[5]
the hearsay statements could nevertheless be admitted.








Post‑Crawford,
the threshold question in any Confrontation Clause analysis is whether the
statements at issue are testimonial or nontestimonial in nature.  Wilson v. State, 151 S.W.3d 694, 697
(Tex. App.CFort Worth
2004, pet. ref=d); see
Crawford, 541 U.S. at 68, 124 S. Ct. at 1374.  Statements made in the following contexts are
indisputably testimonial:  ex parte
testimony at a preliminary hearing, testimony before a grand jury, testimony at
a former trial, and statements derived from police interrogations.  See Crawford, 541 U.S. at 68, 124 S.
Ct. at 1374.  We determine whether a
statement is Atestimonial@ under Crawford using the standard of an objectively reasonable

declarant standing in the shoes of the actual
declarant.  Wall, 184 S.W.3d at
742-43.  Generally speaking, a statement
is Atestimonial@ if it is a
solemn declaration made for the purpose of establishing some fact.  King, 189 S.W.3d at 359.








Under the circumstances here,
J.H.=s statements to Paschall were made in response to her questioning
about Appellant.  Paschall testified that
she asked J.H., ADo you
remember someone named [Appellant]?@ and that in response, J.H. stated, AHe made me suck his penis.@  Paschall was a child forensic
interviewer with the Crimes Against Children Unit for the Tarrant County
District Attorney=s office;
therefore, J.H.=s statements
to her were similar to statements derived from a police interrogation, a
context indisputably testimonial.  See
Crawford, 541 U.S. at 68, 124 S. Ct. at 1374.  J.H.=s statements to Paschall clearly established the elements of
aggravated sexual assault of a child.  See
Tex. Penal Code Ann. ' 22.021(a)(1)(B)(v), (2)(B).  As
discussed above, the trial court abused its discretion by overruling Appellant=s objection to Paschall=s testimony by finding that Paschall was the properly designated
outcry witness, and we conclude that to admit Paschall=s testimony about J.H.=s statements did violate Appellant=s rights to cross-examination and confrontation under Crawford.  541 U.S. at 68, 124 S. Ct. at 1374.  Before conducting a harm analysis on the
admission of this evidence, however, we will review Caldwell=s testimony for the same error, and we will also review whether the
trial court erred in admitting J.H. as a competent witness.








The trial court overruled
Appellant=s objection
to Caldwell=s testimony
based on the hearsay exception for statements made for purposes of medical
diagnosis and treatment.[6]  To admit a statement under this exception,
(1) the declarant must make the statement for the purpose of receiving
treatment and (2) the content of the statement must be such as is reasonably
relied on by a health care professional in treatment or diagnosis.  See Horner v. State, 129 S.W.3d 210,
217 (Tex. App.CCorpus
Christi 2004, pet. ref=d), cert.
denied, 545 U.S. 1116 (2005).  This
exception is based on the assumption that the patient understands the
importance of being truthful with the medical personnel involved to receive an
accurate diagnosis and treatment.  Beheler
v. State, 3 S.W.3d 182, 188 (Tex. App.CFort Worth 1999, pet. ref=d).  Statements describing
sexual abuse in a sexual assault examination are pertinent to medical diagnosis
and treatment because the purpose of such an examination is to ascertain
whether the complainant has been sexually assaulted and to determine whether
medical attention is required.  Id.
at 189.

Caldwell testified that she
had worked at Cook Children=s Medical Center for sixteen years and was part of the Child Advocacy
Resource and Evaluation (ACARE@) team as a sexual assault nurse examiner for twelve years.  She explained before the jury the process
used to perform a sexual assault examination, including Aa detailed head-to-toe assessment of the child, a detailed medical
genital/anal exam, and then . . . a follow-up discussion with the parents as
far as any needed medical treatment or counseling.@  She also testified that she
performed such an exam on J.H., and that when she asked J.H. about whether
anyone had ever touched him or made him do something that he did not like, that
J.H. responded, A[Appellant],
I suck him penis.  Him make me to.@








We hold that the trial court
did not abuse its discretion in concluding that Caldwell met the hearsay
exception, and that Crawford did not apply.  See Beheler, 3 S.W.3d at 188.  J.H.=s statements to Caldwell were not made in a testimonial context, but
rather for purposes of medical diagnosis.[7]  See Crawford, 541 U.S. at 68, 124 S.
Ct. at 1374.  Caldwell performed
sufficient medical and diagnostic functions to bring her within the scope of
rule 803(4).  See Torres v. State,
807 S.W.2d 884, 887 (Tex. App.CCorpus Christi 1991, pet. ref=d) (holding that emergency room nurse who examined rape victim and
asked questions related to her medical condition while collecting Arape kit@ samples,
thereby engaging in dual role of collecting evidence and providing medical
service, met rule 803(4) exception).  The
purpose of Caldwell=s
examination of J.H. was to ascertain whether J.H. had been sexually assaulted
and whether he needed medical treatment; therefore, his statement describing
the act of sexual assault was pertinent to his diagnosis and treatment.  See Beheler, 3 S.W.3d at 189.  We overrule Appellant=s fifth point.

Witness Competency

In his sixth point, Appellant
argues that the trial court reversibly erred and abused its discretion in
finding that J.H. was competent to testify as a witness.








Normally, witnesses are
presumed competent to testify.  Tex. R. Evid. 601(a).  However, this is not true with regard to
children who lack sufficient intellect to relate transactions about which they
are questioned.  Id.  The court must assure itself that the child
witness has (1) the ability to intelligently observe the events, (2) the
capacity to recollect and narrate them, and (3) the ability to understand the
moral responsibility to tell the truth.  See
Upton v. State, 894 S.W.2d 426, 429 (Tex. App.CAmarillo 1995, pet. ref=d).  This court must review the
entire testimony of the child witness to determine if the trial court abused
its discretion in determining that J.H. was competent to testify.  Woods, 14 S.W.3d at 451.

Here, immediately after J.H.
was sworn, Appellant requested an inquiry into J.H.=s competence.  The trial court
replied that it would Acarry that
motion along during direct examination.@  The State asked a series of
preliminary questions to establish J.H.=s competence, including J.H.=s full name, his age, his counting ability, his ability to recite the
alphabet and to recognize colors, and his promise to only tell the truth in
court.  J.H. answered, AI can=t remember,@ when asked for his full name and his first name, but was able to
correctly answer the questions about his age, count to ten, recite the
alphabet, identify colors, and promise to tell the truth.








When asked about the
transaction at issue, the alleged sexual abuse, J.H. consistently responded
that he could not remember.  After the
State=s direct examination, Appellant indicated that he had no questions,
and J.H. was allowed to step down. 
Appellant requested a ruling on J.H.=s competency and the trial court stated that it found that J.H. Ahad sufficient intellect to relate transactions about which he was
asked.@

After reviewing J.H.=s testimony, we conclude that the trial court abused its discretion in
finding J.H. competent to testify.  Woods,
14 S.W.3d at 451.  Although J.H. may have
demonstrated to the trial court that he had the ability to intelligently
observe events, based on his ability to recognize colors and recite numbers and
the alphabet, and that he understood his responsibility to tell the truth by promising
to do so, he was unable to demonstrate that he had the capacity to recollect
and narrate events relating to the transaction at issue.  See Upton, 894 S.W.2d at 429.  Having found that the trial court abused its
discretion, we must next determine whether this constituted harmful error.

Harm Analysis








Having determined that the
trial court erred by admitting Paschall=s testimony about J.H.=s statements in Appellant=s third and fourth points, and by ruling that J.H. was a competent
witness, we must determine whether these errors harmed Appellant.  See Tex.
R. App. P. 44.2.  Generally, the
erroneous admission of evidence is nonconstitutional error governed by rule
44.2(b) if the trial court=s ruling merely offends the rules of evidence.  See Solomon v. State, 49 S.W.3d 356,
365 (Tex. Crim. App. 2001).  But see
Tiede v. State, 76 S.W.3d 13, 14 (Tex. Crim. App. 2002) (giving two
examples of evidentiary rulings excluding evidence that potentially rise to the
level of constitutional violations). 
However, because the error with regard to Paschall=s testimony involved a violation of Appellant=s right to confrontation and cross‑examination under the Sixth
Amendment, we apply rule 44.2(a) and reverse unless we determine beyond a
reasonable doubt that the error did not contribute to Appellant=s conviction.  Tex. R. App. P. 44.2(a).








The question is whether the
trial court=s improper
admission of Paschall=s testimony
under the outcry exception was harmless beyond a reasonable doubt.  See Williams v. State, 958 S.W.2d 186,
194 (Tex. Crim. App. 1997).  In applying
the Aharmless error@ test, our
primary question is whether there is a Areasonable possibility@ that the error might have contributed to the conviction.  Mosley v. State, 983 S.W.2d 249, 259
(Tex. Crim. App. 1998) (op. on reh=g), cert. denied, 526 U.S. 1070 (1999).  Our harmless error analysis should not focus
on the propriety of the outcome of the trial; instead, we should calculate as
much as possible the probable impact on the jury in light of the existence of
other evidence.  Wesbrook v. State,
29 S.W.3d 103, 119 (Tex. Crim. App. 2000), cert. denied, 532 U.S. 944
(2001).  We consider the source and nature
of the error, the extent that it was emphasized by the State, its probable
collateral implications, the weight a juror would probably place on the error,
and whether declaring it harmless would be likely to encourage the State to
repeat it with impunity.  Harris v.
State, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the entire
record in a neutral, impartial, and even‑handed manner, not Ain the light most favorable to the prosecution.@  Id. at 586.








Here, the source and nature
of the error were the improper designation of the outcry witness by the State,
followed by the trial court=s finding that Paschall was the proper outcry witness and allowing her
to testify about J.H.=s  statements. 
Caldwell=s testimony
about J.H.=s
statements, properly admissible under rule 803(4), covered the same essential
factsCthat J.H. said that Appellant made him suck Appellant=s penis.  Caldwell=s testimony, along with the circumstantial testimony provided by Lisa,
would have been sufficient to sustain Appellant=s conviction.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(v), (2)(B). 
Paschall=s evidence
repeated Caldwell=s testimony
and was no more incriminating than the evidence properly presented at
trial.  See Long v. State, 203 S.W.3d
352, 353 (Tex. Crim. App. 2006). 
Therefore, we hold beyond a reasonable doubt that the trial court=s constitutional error in admitting Paschall=s testimony did not contribute to Appellant=s conviction or punishment.  We
overrule Appellant=s fourth
point.  Because we hold that the
admission of Paschall=s testimony
was harmless as a constitutional error, reviewed at a higher standard, we also
hold that it was harmless as a nonconstitutional error, the admission of
otherwise inadmissible hearsay, and overrule Appellant=s third point.

Rule 44.2(b) applies to
nonconstitutional error.  Tex. R. App. P. 44.2(b).  We disregard nonconstitutional error if it
did not affect Appellant=s
substantial rights.  Id; see
Mosley, 983 S.W.2d at 259; Coggeshall v. State, 961 S.W.2d 639, 642‑43
(Tex. App.CFort Worth
1998, pet. ref=d).  A substantial right is affected when the
error had a substantial and injurious effect or influence in determining the
jury=s verdict.  King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing Kotteakos v. United
States, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946)); Coggeshall,
961 S.W.2d at 643.  In making this
determination, we review the record as a whole. 
See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).








J.H. provided no testimony at
all with regard to the sexual abuse, other than stating that he could not
remember.  The extent of his testimony,
other than answering questions to establish his competency to testify, was that
he knew Appellant, had been to Appellant=s home, and remembered going to the hospital to be examined.  He answered affirmatively when asked whether
he remembered talking to a lady at the hospital about what had happened to him
and showing her what had happened using some dolls.  He answered affirmatively when asked whether
he told her the truth.

We conclude that, in the
context of the entire case against Appellant, the trial court=s error in finding that J.H. was competent to testify did not have a
substantial or injurious effect on the jury=s verdict and did not affect Appellant=s substantial rights, because J.H.=s testimony provided nothing the jury could use to determine guilt or
innocence, and because Caldwell=s testimony was sufficient to sustain Appellant=s conviction.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(iii), (2)(B); see King, 953 S.W.2d at
271.  Thus, we disregard the error.  See Tex.
R. App. P. 44.2(b).  We overrule
Appellant=s sixth
point.

Impeachment








In his fifteenth point,
Appellant claims that the trial court reversibly erred and abused its
discretion by denying his requested instruction on impeachment in the jury
charge.  He argued that the State
attempted to impeach J.H. by offering Caldwell=s and Paschall=s testimony,
because J.H. indicated that nothing happened and Athe sum and substance of the testimony of Ms. Caldwell and Ms.
Paschall is that he said that, in fact, [Appellant] put his penis in . . .
[J.H.]=s mouth, so thatCin essence,
that impeached the testimony of [J.H.].@  Appellant sought a limiting
instruction explaining that testimony offered to impeach a witness can be
considered for that purpose, but not for any other substantive purpose.

A request for a limiting
instruction must be made at the time the evidence is admitted; otherwise the
evidence is admitted for all purposes.  See
Hammock v. State, 46 S.W.3d 889, 894-95 (Tex. Crim. App. 2001).  Appellant objected to Caldwell=s and Paschall=s testimony
based on hearsay but did not request a limiting instruction until after both
sides rested.  Therefore, the evidence
was admitted for all purposes, and the trial court did not abuse its discretion
by denying Appellant an instruction on impeachment.  See id. at 895; see also Green,
934 S.W.2d at 101‑02; Montgomery, 810 S.W.2d at 391.  We overrule Appellant=s fifteenth point.

SUFFICIENCY OF THE EVIDENCE

In his first two points,
Appellant complains that the evidence was legally and factually insufficient to
sustain his conviction.

Legal & Factual Sufficiency Standards
Of Review








In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re‑evaluate the weight and credibility of
the evidence and substitute our judgment for that of the fact‑finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We must consider all the evidence admitted at
trial, even improperly admitted evidence, when performing a legal sufficiency
review.  Moff v. State, 131 S.W.3d
485, 489‑90 (Tex. Crim. App. 2004). 








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact‑finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact‑finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414‑15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  To reverse under the
second ground, we must determine, with some objective basis in the record, that
the great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact‑finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact‑finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).








Lisa identified Appellant at
trial.  Caldwell and Paschall testified
that J.H. told them the same thing, and Paschall also testified that J.H.
described Appellant=s penis as Abig@ and Asticking up,@ and that
J.H. demonstrated what had happened using dolls.  She testified that J.H. Aused the adult male doll and removed or pulled the pants down and the
underwear down on the doll and placed his own mouth on the penis of the adult
male doll.@  Because the jury was the sole judge of this
evidence=s weight and credibility, because we must consider all the evidence
admitted at trial, even if improperly admitted, and because we must resolve any
inconsistencies in the evidence in favor of the verdict, we hold that there was
legally sufficient evidence to convict Appellant of aggravated sexual assault
of a child.  See Tex. Penal Code Ann. ' 22.021(a)(1)(B)(iii)(v), (2)(B); Tex. Code Crim. Proc. Ann. art. 38.04; Moff,
131 S.W.3d at 489-90; Margraves, 34 S.W.3d at 919; Curry, 30
S.W.3d at 406.  We overrule Appellant=s first point.

Viewing the evidence in a
neutral light, because the record does not clearly reveal that a different
result is appropriate based on all the evidence at trial, we must conclude that
there was also factually sufficient information to convict Appellant.  See Johnson, 23 S.W.3d at 8.  We overrule Appellant=s second point.

CLOSING ARGUMENTS

Appellant complains that the
State made the following improper arguments in closing:

$                  
Point Seven: 
ASometimes
when witnesses are children, they don=t want to tell their story.@

 

$                  
Point Eight: 
AThe
father was there, so [the police officers] had no concerns about [Appellant]
maybe coming over there and doing anything else, because the victim=s
fatherC.

 

$                  
Point Nine (two statements): AYou
saw [J.H.].  He didn=t
want to come in here.  You saw the
apprehension on his face, as soon as he walked into this courtroom.@  AYou saw [J.H.] walk in
here.  You saw the hesitation.@

 








$                  
Point Ten (regarding J.H.=s
statements to Paschall and Caldwell and summarizing their testimony): A[J.H.]
felt safe.  He felt like he could talk to
them, and he told them what happened to him.@[8]

 

$                  
Point Eleven: A[H]e was abused.@

 

$                                          
Point Twelve: AHe was sexually abused by the
defendant.@         

$                  
Point Thirteen: AThe
defendant in this case is guilty of the offense as charged.@

 

$                  
Point Fourteen: AThis
man deserves to be found guilty.  He
molested a four year old in our community, here in Tarrant County, Texas.@

 








To be permissible, the State=s jury argument must fall within one of the following four general
areas:  (1) summation of the evidence;
(2) reasonable deduction from the evidence; (3) answer to argument of opposing
counsel; or (4) plea for law enforcement. 
Felder v. State, 848 S.W.2d 85, 94‑95 (Tex. Crim. App.
1992), cert. denied, 510 U.S. 829 (1993); Alejandro v. State, 493
S.W.2d 230, 231 (Tex. Crim. App. 1973). 
If a jury argument exceeds the bounds of proper argument, the trial
court=s erroneous overruling of a defendant=s objection is not reversible error unless it affected the appellant=s substantial rights.  Tex. R. App. P. 44.2(b); Martinez v.
State, 17 S.W.3d 677, 692‑93 (Tex. Crim. App. 2000); Mosley,
983 S.W.2d at 259.  In determining
whether the appellant=s
substantial rights were affected, we consider: 
(1) the severity of the misconduct (i.e., the prejudicial effect of the
prosecutor=s remarks),
(2) curative measures, and (3) the certainty of conviction absent the
misconduct.  Martinez, 17 S.W.3d
at 692‑93; Mosley, 983 S.W.2d at 259.








When the trial court sustains
an objection and instructs the jury to disregard but denies a defendant=s motion for a mistrial, the issue is whether the trial court abused
its discretion in denying the mistrial.  Hawkins
v. State, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the
prejudice caused by the improper argument is incurable, i.e., Aso prejudicial that expenditure of further time and expense would be
wasteful and futile,@ will a
mistrial be required.  Id.; see
also Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), cert.
denied, 542 U.S. 905 (2004).  In
determining whether the trial court abused its discretion in denying the
mistrial, we balance three factors:  (1)
the severity of the misconduct (prejudicial effect), (2) curative measures, and
(3) the certainty of conviction absent the misconduct.  Hawkins, 135 S.W.3d at 77; Mosley,
983 S.W.2d at 259.       In point seven,
Appellant complains that the trial court reversibly erred and abused its
discretion in overruling his motion for mistrial because the State argued
personal opinion in its observation that A[s]ometimes when witnesses are children, they don=t want to tell their story.@  Matters of common knowledge
may be incorporated into final argument without express support in the
evidence.  Carter v. State, 614
S.W.2d 821, 823 (Tex. Crim. App. 1981) (citing examples); Ramirez v. State,
293 S.W.2d 653, 656 (Tex. Crim. App. 1956) (holding no reversible error when
State called jury=s attention
to common knowledge that some marijuana finds its way into the possession of
high school children); Laca v. State, 893 S.W.2d 171, 185 (Tex. App.CEl Paso 1995, pet. ref=d) (stating that it is common knowledge that Achildren are dying in our streets,@ caught in the crossfire of gang violence).  Moreover, the jury had the opportunity to
observe J.H. when he testified and to draw its own conclusions.

We conclude that the trial court did not err when
it overruled Appellant=s objection
because, as a matter of common knowledge, the State=s argument falls within the boundaries of reasonable jury
arguments.  We overrule Appellant=s seventh point.








Regarding point eight, the
trial court sustained Appellant=s objection and instructed the jury to disregard the State=s comment that was outside the record, pertaining to the presence of
J.H.=s father as preventing Appellant from doing something else to the
victim after the police gave him a criminal trespass warning.  The trial court denied Appellant=s request for a mistrial. 
Appellant complains that denying the mistrial constituted reversible
error and an abuse of discretion.

While it was improper to
invite the jury to speculate on the existence of evidence not presented, the
State=s comment was quickly followed by the trial court=s instruction to disregard, with which we presume the jury
complied.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998). 
Additionally, the State=s comment was made in response to claims in Appellant=s argument that he was not guilty because he had not been immediately
arrested, but instead had merely received a criminal trespass warning.[9]  Within this context, the prejudicial effect
of the challenged reference was minimal, in that the jury already had Officer
Laurie=s explanation regarding why Appellant was not immediately arrested.[10]
 See Hawkins, 135 S.W.3d at 77; Felder,
848 S.W.2d at 94-95.








Furthermore, only offensive
or flagrant error warrants reversal when there has been an instruction to
disregard, and, in the case at bar, this comment, comprising one sentence in
the State=s closing
argument, was not so flagrant that the instruction to disregard was
ineffective.  See Wesbrook, 29 S.W.3d
at 115‑16; Wilkerson v. State, 881 S.W.2d 321, 327 (Tex. Crim.
App.), cert. denied, 513 U.S. 1060 (1994).  As to the certainty of conviction, the record
supports the jury=s verdict,
absent the misconduct, based on testimony the State elicited from Caldwell
concerning the commission of the offense itself.  See Hawkins, 135 S.W.3d at 77.  Accordingly, we hold that the trial court=s prompt instruction to the jury to disregard the State=s comment cured any resulting prejudicial effect and that the trial
court did not abuse its discretion by denying Appellant=s request for a mistrial.  See
id.; Wesbrook, 29 S.W.3d at 115. 
We overrule Appellant=s eighth point.








Regarding point nine, the
trial court sustained both of Appellant=s objections to the State=s comments outside the record alluding to apprehension felt by J.H.
and instructed the jury to disregard the comments both times.  The trial court denied Appellant=s motions for mistrial on these comments, and Appellant complains that
this constituted reversible error and an abuse of discretion.  We disagree, because the trial court did not
act arbitrarily in denying these motions. 
The jurors had already had the opportunity to develop their impressions
of J.H. during J.H.=s
testimony.  See Hawkins,
135 S.W.3d at 77; see also Simpson, 119 S.W.3d at 272.  Balancing the minimal prejudice these
comments could have caused with the trial court=s prompt curative instructions to the jury, and, as discussed above,
the certainty of Appellant=s conviction absent this misconduct, we conclude that the trial court
did not abuse its discretion by denying Appellant=s motions for mistrial based on these comments.  See Hawkins, 135 S.W.3d at 77.  We overrule Appellant=s ninth point.








In points ten through
fourteen, Appellant complains that the trial court reversibly erred and abused
its discretion in overruling the Appellant=s objections to the State=s use of personal opinion.  The
State=s comments that J.H. was abused and sexually abused by Appellant,
challenged in points eleven and twelve, fall generally within a reasonable
deduction from the evidence, assuming the jury believed the testimony of
Caldwell and Paschall.  See Felder,
848 S.W.2d at 94-95.  The State=s comments that Appellant was guilty and deserved to be found guilty,
challenged in points thirteen and fourteen, were opinions, but the State Amay argue [its] opinions concerning issues in the case so long as the
opinions are based on the evidence in the record and not as constituting
unsworn testimony.@  Id. at 95; McKay v. State, 707
S.W.2d 23, 37 (Tex. Crim. App. 1985), cert. denied, 479 U.S. 871
(1986).  Based on the evidence against
Appellant presented at trial, these were also permissible arguments.  Because these objections fall within the four
permissible areas of closing arguments, the trial court did not abuse its
discretion in overruling Appellant=s objections to them.  We
overrule Appellant=s points
eleven, twelve, thirteen, and fourteen.

The comment complained of in
point ten, the State=s personal
opinion that J.H. felt safe when he talked with Paschall and Caldwell, does not
fall within the four general areas of permissible closing argument.  See Felder, 848 S.W.2d at 94-95.  However, as discussed above, this error did
not affect Appellant=s
substantial rights with regard to the severity of the conduct and its
prejudicial effect.  If the jury chose to
believe Paschall=s and
Caldwell=s testimony about J.H., the conclusion that he felt safe talking with
them, and not on the stand, would be a reasonable inference.  Although the trial court issued no curative
instructions, the certainty of conviction here absent the misconduct weighs
against Appellant.  We overrule Appellant=s tenth point.

CONCLUSION

Having overruled all of
Appellant=s points, we
affirm the trial court=s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.








DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
March 1, 2007











[1]See Tex. R. App. P. 47.4.





[2]A
person commits the offense of aggravated sexual assault of a child if he
intentionally or knowingly causes the mouth of a child to contact the sexual
organ of another person, including the actor, and the victim is younger than
fourteen years of age.  Tex. Penal Code Ann. '
22.021(a)(1)(B)(v), (2)(B) (Vernon Supp. 2006).





[3]The
trial court ruled that Lisa could not testify as the outcry witness because the
State had not designated her as the outcry witness.





[4]The
State provides us with no briefing on whether Paschall=s
testimony about J.H.=s
statements could have been admissible under other exceptions to the hearsay
rule.  The statements would not be admissible
as prior consistent statements when J.H. failed to testify about the facts
within those statements at trial.  See
Tex. R. Evid. 801(e)(1)(B); Turro
v. State, 950 S.W.2d 390, 404 (Tex. App.CFort Worth 1997, pet. ref=d).





[5]A
declarant is Aunavailable@ as a
witness when he Atestifies
to a lack of memory of the subject matter of the declarant=s
statement.@  Tex.
R. Evid. 804(a)(3).  When asked
whether something happened to him at Appellant=s
home, J.H. replied that he did not remember.





[6]Statements
made for purposes of medical diagnosis or treatment and describing medical
history, or past or present symptoms, pain, or sensations, or the inception or
general character of the cause or external source thereof insofar as reasonably
pertinent to diagnosis or treatment are not excluded by the hearsay rule; under
this exception, the availability of the declarant is immaterial.  Tex.
R. Evid. 803(4).





[7]When
asked by Appellant whether her examination was actually part of the police
department=s
investigatory process, Caldwell replied, ANo, sir, I=m not
an investigator.  I provide medical
evaluations.@





[8]In
point ten, Appellant complains that the State argued personal opinion when it
argued that the offense Aoccurred
in the manner related by Carrie Paschall from her interview of the Appellant
[sic].@  In the argument portion of his brief for this
point, Appellant also complains that it was error for the trial court to
overrule his objections to the State=s reliance on Ahearsay
evidence.@
Whether Caldwell=s and
Paschall=s
testimony was admissible is not relevant to Appellant=s
complaint in point ten. The issue is whether the State=s
comments fell within one of the four areas of permissible jury argument.





[9]Appellant
argued, AYou
heard momma.  She tells the police
something happened, andCbut
nobody goes to jail, so you can make your own conclusion from that.  They turn it over to a detective . . . three
cops on the scene within a short time after the . . . call, nothing happens.@  After the State=s
objection to this argument was sustained, Appellant continued, Aall
three [officers] confer and nobody goes to jail.@





[10]Officer
Laurie testified that, as a patrol officer, securing an arrest warrant fell
outside the scope of his duties.