NO. 07-11-0017-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

SEPTEMBER 12, 2011

_____

JOSHUA P. STEPHENSON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-426,392; HONORABLE JIM BOB DARNELL, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., HANCOCK, J., and BOYD, S.J.[1]

Joshua P. Stephenson was convicted after a guilty plea of aggravated sexual assault and sentenced by a jury to life imprisonment. He seeks to overturn that conviction by contending the trial court erred in admitting 1) evidence of text messages sent by appellant's sister to her best friend because they allegedly violated the confrontation clause of the federal and state constitutions and they constituted

_____

[1]John T. Boyd, Senior Justice retired, sitting by assignment.

inadmissible hearsay, and 2) evidence of papers found in appellant's room which contained inflammatory comments. We affirm the judgment.

*Issues 1 and 2 – Text Messages*

In his first two issues, appellant challenges the admission into evidence of text messages sent to Kaitlyn Estrada[2] by Zakia Stephenson, appellant's younger sister, in which Zakia identified her brother as the "Twilight rapist" and stated that her mother said the family was going to lie and say the perpetrator was not appellant because "they think they can get away with it." He contends those messages violate the confrontation clause.

To determine whether one's right of confrontation has been violated, we must determine whether the statements are testimonial. *Crawford v. Washington,* 541 U.S. 36, 68, 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177 (2004). If so, then their admission violates the right to confrontation unless the defendant has the opportunity to cross-examine the declarant. *Id.* A statement is testimonial when it is 1) ex parte in-court testimony or the functional equivalent such as affidavits, custodial examinations, or prior testimony, 2) pretrial statements that a declarant would expect to be used in a prosecution, 3) extra judicial statements in formalized materials such as affidavits, depositions, prior testimony, or confessions, or 4) made under circumstances that would lead an objective witness to believe the statement would be used in a future judicial proceeding. *Wall v. State,* 184 S.W.3d 730, 735 (Tex. Crim. App. 2006). Thus, we look at indicia such as 1) to whom it was made, 2) whether it was volunteered or solicited, 3)

---

[2]Appellant attempted to use an ATM or credit card of the victim which resulted in a photo being obtained from an ATM and shown on the local news. Kaitlyn was one of eight persons who called police and informed them that the person in the photo was appellant.

whether it was uttered during a casual conversation, a formal legal proceeding, or an investigation, and 4) when it was made. *Flores v. State,* 170 S.W.3d 722, 724 (Tex. App.–Amarillo 2005, pet. ref'd). Whether a statement is testimonial is a question of law. *De La Paz v. State,* 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).

The record shows that Zakia and Kaitlyn commonly texted each other as a form of communication, the texts were initiated by Zakia who appeared to be upset and seeking assistance from a friend, Zakia requested that her friend not tell anyone that her brother was involved, and the texts were sent prior to Kaitlyn going to the police department to give a statement although the record is unclear whether they were sent before or after Kaitlyn called police to identify appellant from a photo that appeared in the press. The texts were statements made during a confidential conversation between friends, and there is no indication that Zakia believed those statements would be used in a prosecution of her brother. *See Davis v. State,* 268 S.W.3d 683, 709 (Tex. App.– Fort Worth 2008, pet. ref'd) (holding that statements made in a cell phone call conducted in the presence of a friend were not testimonial because there was no indication they were made under circumstances that would lead an objective witness to believe they would be available for use at a later trial); *see also Woods v. State,* 152 S.W.3d 105, 114 (Tex. Crim. App. 2004) (stating that spontaneous statements to acquaintances are not testimonial); *Freeman v. State,* 230 S.W.3d 392, 401 (Tex. App. –Eastland 2007, pet. ref'd) (stating the same). Thus, we conclude that the statements were not testimonial.

Next, we must address whether the statements are inadmissible hearsay. We review the trial court's ruling for abuse of discretion. *Maranda v. State,* 253 S.W.3d 762,

3

769 (Tex. App.–Amarillo 2007, pet. dism'd). Even assuming *arguendo* it was error to admit the statements, we find no harm from their admission. In determining harm from the admission of hearsay we may not reverse if, after examining the record as a whole, we have a fair assurance that the error did not have a substantial and injurious effect on the jury's verdict. *Garcia v. State,* 126 S.W.3d 921, 927 (Tex. Crim. App. 2004). Moreover, there is no reversible error if the same facts are proved by other properly admitted evidence. *Maranda v. State,* 253 S.W.3d at 769. Appellant pled guilty to the offense, so the statement from Zakia that her brother was the Twilight rapist did not lead to his conviction.

Appellant argues that, because he received the maximum sentence, he obviously suffered harm. We do not believe the fact that appellant's *family* originally intended to lie about his guilt had a substantial effect on appellant's own punishment. Even if appellant also intended to lie about his guilt, he eventually admitted that guilt to the jury. In determining punishment, the jury was more likely influenced by the fact that 1) appellant originally broke into the victim's house, stole her credit card, left and attempted to use it, and then returned to the house for the purpose of raping an eighty-seven-year-old woman,[3] 2) appellant raped her both vaginally and anally, 3) she was injured by the attack severely enough to require stitches, 4) the sexual assault nurse examiner stated the victim suffered some of the most severe injuries she had seen, and 5) materials were found in appellant's bedroom in which sexual assault was described as not being painful. Appellant's first two issues are overruled.

---

[3]The victim did not hear appellant because she wore hearing aids which she took out when she slept.

*Issue 3 – Admission of Materials Found in Appellant's Room*

In his third issue, appellant complains of the admission into evidence of inflammatory statements in materials found by police in appellant's bedroom. The documents discussed gangs, drugs, and sex crimes. The author was not identified although there are references to J.P., appellant's initials, throughout the documents. Appellant contends the statements are irrelevant.

Evidence is relevant to sentencing if it is helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case. *McGee v. State,* 233 S.W.3d 315, 318 (Tex. Crim. App. 2007). The test is much broader than during the guilt/innocence phase. *See Murphy v. State,* 777 S.W.2d 44, 63 (Tex. Crim. App. 1988). Once again, we review the trial court's decision for abuse of discretion. *Williams v. State,* 176 S.W.3d 476, 480 (Tex. App.–Houston [1st Dist.] 2004, no pet.).

The documents tended to show that appellant had an interest in gangs, drugs, and sexual assault. Evidence that has been held to be relevant at sentencing includes gang membership, *Moreno v. State,* 1 S.W.3d 846, 861 (Tex. App.–Corpus Christi 1999, pet. ref'd), the defendant's life and characteristics, *Tiede v. State,* 104 S.W.3d 552, 563 (Tex. App.–Tyler 2000), *vacated on other grounds,* 76 S.W.3d 13 (Tex. Crim. App. 2002), and the defendant's sense of personal responsibility and moral guilt. *Najar v. State,* 74 S.W.3d 82, 89 (Tex. App.–Waco 2002, pet. dism'd). Thus, we cannot say the trial court's decision fell outside the zone of reasonable disagreement as an abuse of discretion.[4] Appellant's third issue is overruled.

---

[4]To the extent that appellant appears to argue on appeal that these matters constituted extraneous offenses which the State failed to prove beyond a reasonable doubt that he had committed, appellant did not make that objection to the trial court. He objected on the basis of hearsay, denial of his

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.

---

right to confrontation, lack of authentication, lack of relevance, any probative value being outweighed by the danger of undue prejudice, and lack of notice. Appellant's objection at trial must comport with his complaint on appeal or it is not preserved. *Wilson v. State,* 71 S.W.3d 346, 349 (Tex. Crim. App. 2002).