COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-443-CR

ROBERT LANCE MORRISON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In fifteen points, appellant Robert Lance Morrison appeals his conviction of aggravated sexual assault of a child.  We affirm.

BACKGROUND

Appellant lived across the hall from the four-year-old complainant, J.H. On April 2, 2005, J.H.’s mother, Lisa, let J.H. and his six-year-old brother R.J. stay at Appellant’s apartment for around half an hour.  She checked on them about three times while they were there.

Lisa collected J.H. first, bathed him and put him down for a nap.  When she went back to get R.J., twenty minutes later, the apartment door was locked; once the door was unlocked, she found R.J. behind a reclining chair, crying and whimpering.  She took R.J. home.  When her husband came home, they called the police.  Officer Brian Laurie was dispatched to the apartment complex to investigate; he met with the parents, obtained their statements, and issued a criminal trespass warning to Appellant.  He did not speak with J.H. or R.J.

Outside the jury’s presence, Lisa testified that, the next morning, J.H. told her that Appellant had made him suck Appellant’s penis.  On April 7, J.H. was interviewed by Carrie Paschall, a child forensic interviewer with the district attorney’s office.  Paschall testified at trial that J.H. told her that Appellant stuck his penis into J.H.’s mouth at Appellant’s home and that J.H. demonstrated this by placing his own mouth on the penis of an anatomically correct doll.  On April 27, Virginia Caldwell, a sexual assault nurse examiner, examined J.H.  She testified at trial that J.H. told her, “[Appellant], I suck him penis.  Him make me to.”  She testified that there were no physical findings from her exam of J.H. but that this was not uncommon.  Both Caldwell and Paschall testified that J.H. told them that it happened one time.

Two hearings were held outside the jury’s presence on the admissibility of J.H.’s outcry and the proper identity of the outcry witness.  The trial judge found that Paschall was the properly designated outcry witness. Appellant objected to Caldwell and Paschall’s testimony as hearsay and as violating his rights of cross-examination and confrontation; he objected to J.H.’s testimony on competency grounds.  The trial judge overruled these objections and most of Appellant’s objections during the State’s closing arguments.  Appellant pled not guilty to aggravated sexual assault of a child.
(footnote: 2) The jury found him guilty.  The judge assessed his punishment at life imprisonment after Appellant pled true to the habitual offender allegations.

ADMISSIBILITY

Appellant complains about the admissibility of certain evidence in his third, fourth, fifth, sixth, and fifteenth points.

Abuse Of Discretion

We review a trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Green v. State
, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), 
cert. denied
, 520 U.S. 1200 (1997); 
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).  Whether a child witness is competent to testify is reviewed under the same standard.  
Woods v. State
, 14 S.W.3d 445, 450 (Tex. App.—Fort Worth 2000, no pet.).  If the court’s decision falls outside the “zone of reasonable disagreement,” it has abused its discretion.  
Montgomery
, 810 S.W.2d at 391.  As long as the trial court’s ruling falls within the zone of reasonable disagreement, however, we will affirm its decision.  
Moses v. State
, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  The trial court’s decision must be reasonable in view of all the relevant facts.  
Santellan v. State
, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997).  Unless the trial court has abused its  discretion by ruling arbitrarily or capriciously on relevance, admissibility, or competence, such rulings will not be disturbed on appeal.  
See Moreno v. State
, 858 S.W.2d 453, 463 (Tex. Crim. App.), 
cert. denied
, 510 U.S. 966 (1993); 
Green
, 934 S.W.2d at 101-02; 
Woods
, 14 S.W.3d at 450.

Outcry Witness

In his fourth point, Appellant asserts that the trial court reversibly erred and abused its discretion in permitting Paschall to testify before the jury about J.H.’s statements to her because Paschall was not the “outcry witness” as determined by article 38.072 of the code of criminal procedure. 
 Tex. Code Crim. Proc. Ann
. art. 38.072 (Vernon 2006).

Hearsay is a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted.  
Tex. R. Evid
. 801(d).  A “statement” may be a verbal expression or nonverbal conduct.  
Tex. R. Evid
. 801(a).  An outcry statement is an exception to the hearsay rule for the first report of sexual abuse that a victimized child makes to a person over the age of eighteen.  
See
 
Tex. Code Crim. Proc. Ann. 
art. 38.072, § 2(a).

Lisa testified outside the jury’s presence that she and her husband were over eighteen and that “the next morning, [J.H.] told my husband and I that [Appellant] made him suck his penis.”  Paschall, whom the State had designated as the outcry witness, did not speak with J.H. until after J.H. told his parents.  Paschall testified that J.H. said that Appellant “made [J.H.] suck his penis,” that it happened one time, and that J.H. demonstrated the act using an anatomically correct doll.  Because J.H.’s statements to Paschall came after he had already made them to his parents,
(footnote: 3) Paschall did not qualify as the proper outcry witness and the trial court abused its discretion by ruling that she was.  
See 
Tex. Code Crim. Proc. Ann. 
art. 38.072, § 2; 
Moreno, 
858 S.W.2d at 463.  J.H.’s statements to Paschall were hearsay.
(footnote: 4)  Before addressing harm, we will also consider Appellant’s confrontation argument with regard to Paschall’s testimony.

Rights To Confrontation & Cross-Examination

In his third point, Appellant asserts that the trial court reversibly erred and abused its discretion in permitting Paschall to testify about J.H.’s statements before the jury because this violated Appellant’s constitutional rights to confrontation and cross-examination.  In his fifth point, he asserts the same constitutional claim as to Caldwell’s testimony pertaining to J.H.’s statements.

We will uphold a trial court’s evidentiary ruling if it is reasonably supported by the record and is correct under any theory of applicable law.  
Martin v. State
, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005); 
see Cantu v. State
, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992), 
cert. denied
, 509 U.S. 926 (1993).  In deciding whether the admission of these statements violated Appellant’s right to confrontation, we review the trial court’s ruling de novo. 
Wall v. State
, 184 S.W.3d 730, 742-43 (Tex. Crim. App. 2006).

To implicate the Confrontation Clause, the out-of-court statement at issue must have been (1) made by an absent declarant and (2) testimonial in nature. 
Crawford v. Washington
, 541 U.S. 36, 68, 124 S. Ct. 1354, 1374 (2004); 
King v. State
, 189 S.W.3d 347, 358 (Tex. App.—Fort Worth 2006, no pet.).

Crawford
’s holding applies only when the extrajudicial testimonial statements of a witness who does not testify at trial are sought to be admitted.  
See
 
Crawford
, 541 U.S. at 59, 124 S. Ct. at 1369.  
When the declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements.  
Id
. at 59 n.9, 124 S. Ct. at 1369 n.9.  J.H. testified at trial and Appellant had the opportunity to cross-examine him, but chose not to; therefore, 
Crawford
’s reasoning, at first glance, 
would not seem to apply.  
See Crawford v. State
, 139 S.W.3d 462, 465 (Tex. App.—Dallas 2004, pet. ref’d) (holding that testimonial hearsay was admissible when declarant testified at trial and was subject to cross-examination).

However, Appellant argued at trial that in light of J.H.’s testimony, the history that Caldwell took down from J.H. was “simply a substitute for his testimony and . . . [would be] supplying testimony that [J.H.] was simply unwilling and unable to give,” translating into testimonial evidence.  He argued that allowing Paschall to testify about J.H.’s statements to her, when J.H. had failed to testify as to the elements of the offense before the jury, “would not only bolster [J.H.’s] testimony, but would, in essence, supply missing testimony of the complaining witness and would, in essence, be the testimony of that witness.”  Therefore, we must address whether, in the absence of any direct testimony by the declarant, J.H., of the elements of the offense,
(footnote: 5) the hearsay statements could nevertheless be admitted.

Post-
Crawford
, the threshold question in any Confrontation Clause analysis is whether the statements at issue are testimonial or nontestimonial in nature.  
Wilson v. State
, 151 S.W.3d 694, 697 (Tex. App.—Fort Worth 2004, pet. ref’d); 
see Crawford
, 541 U.S. at 68, 124 S. Ct. at 1374.  
Statements made in the following contexts are indisputably testimonial:  ex parte testimony at a preliminary hearing, testimony before a grand jury, testimony at a former trial, and statements derived from police interrogations.  
See Crawford
, 541 U.S. at 68, 124 S. Ct. at 1374.  We determine whether a statement is “testimonial” under 
Crawford
 using the standard of an objectively reasonable

declarant standing in the shoes of the actual declarant.  
Wall
, 184 S.W.3d at 742-43.  Generally speaking, a statement is “testimonial” if it is a solemn declaration made for the purpose of establishing some fact. 
 King
, 189 S.W.3d at 359.

Under the circumstances here, J.H.’s statements to Paschall were made in response to her questioning about Appellant.  Paschall testified that she asked J.H., “Do you remember someone named [Appellant]?” and that in response, J.H. stated, “He made me suck his penis.”  Paschall was a child forensic interviewer with the Crimes Against Children Unit for the Tarrant County District Attorney’s office; therefore, J.H.’s statements to her were similar to statements derived from a police interrogation, a context indisputably testimonial.  
See Crawford
, 541 U.S. at 68, 124 S. Ct. at 1374.  J.H.’s statements to Paschall clearly established the elements of aggravated sexual assault of a child.  
See
 
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(v), (2)(B).  As discussed above, the trial court abused its discretion by overruling Appellant’s objection to Paschall’s testimony by finding that Paschall was the properly designated outcry witness, and we conclude that to admit Paschall’s testimony about J.H.’s statements did violate Appellant’s rights to cross-examination and confrontation under 
Crawford
.  541 U.S. at 68
, 124 S. Ct. at 1374.  Before conducting a harm analysis on the admission of this evidence, however, we will review Caldwell’s testimony for the same error, and we will also review whether the trial court erred in admitting J.H. as a competent witness.

The trial court overruled Appellant’s objection to Caldwell’s testimony based on the hearsay exception for statements made for purposes of medical diagnosis and treatment.
(footnote: 6)  
To admit a statement under this exception, (1) the declarant must make the statement for the purpose of receiving treatment and (2) the content of the statement must be such as is reasonably relied on by a health care professional in treatment or diagnosis.  
See Horner v. State
, 129 S.W.3d 210, 217 (Tex. App.—Corpus Christi 2004, pet. ref’d), 
cert. denied, 
545 U.S. 1116 (2005). 
 This exception is based on the assumption that the patient understands the importance of being truthful with the medical personnel involved to receive an accurate diagnosis and treatment.  
Beheler v. State
, 3 S.W.3d 182, 188 (Tex. App.—Fort Worth 1999, pet. ref’d).  Statements describing sexual abuse in a sexual assault examination are pertinent to medical diagnosis and treatment because the purpose of such an examination is to ascertain whether the complainant has been sexually assaulted and to determine whether medical attention is required.  
Id
. at 189.

Caldwell testified that she had worked at Cook Children’s Medical Center for sixteen years and was part of the Child Advocacy Resource and Evaluation (“CARE”) team as a sexual assault nurse examiner for twelve years.  She explained before the jury the process used to perform a sexual assault examination, including “a detailed head-to-toe assessment of the child, a detailed medical genital/anal exam, and then . . . a follow-up discussion with the parents as far as any needed medical treatment or counseling.”  She also testified that she performed such an exam on J.H., and that when she asked J.H. about whether anyone had ever touched him or made him do something that he did not like, that J.H. responded, “[Appellant], I suck him penis.  Him make me to.”

We hold that the trial court did not abuse its discretion in concluding that Caldwell met the hearsay exception, and that 
Crawford 
did not apply.  
See Beheler
, 3 S.W.3d at 188.  J.H.’s statements to Caldwell were not made in a testimonial context, but rather for purposes of medical diagnosis.
(footnote: 7)  
See Crawford
, 541 U.S. at 68, 124 S. Ct. at 1374.  Caldwell performed sufficient medical and diagnostic functions to bring her within the scope of rule 803(4).  
See Torres v. State
, 807 S.W.2d 884, 887 (Tex. App.—Corpus Christi 1991, pet. ref’d) (holding that emergency room nurse who examined rape victim and asked questions related to her medical condition while collecting “rape kit” samples, thereby engaging in dual role of collecting evidence and providing medical service, met rule 803(4) exception).  The purpose of Caldwell’s examination of J.H. was to ascertain whether J.H. had been sexually assaulted and whether he needed medical treatment; therefore, his statement describing the act of sexual assault was pertinent to his diagnosis and treatment.  
See Beheler
, 3 S.W.3d at 189.  We overrule Appellant’s fifth point.

Witness Competency

In his sixth point, Appellant argues that the trial court reversibly erred and abused its discretion in finding that J.H. was competent to testify as a witness.

Normally, witnesses are presumed competent to testify.  
Tex. R. Evid
. 601(a).  However, this is not true with regard to children who lack sufficient intellect to relate transactions about which they are questioned.  
Id
.  The court must assure itself that the child witness has (1) the ability to intelligently observe the events, (2) the capacity to recollect and narrate them, and (3) the ability to understand the moral responsibility to tell the truth.  
See Upton v. State
, 894 S.W.2d 426, 429 (Tex. App.—Amarillo 1995, pet. ref’d).  This court must review the entire testimony of the child witness to determine if the trial court abused its discretion in determining that J.H. was competent to testify.  
Woods,
 14 S.W.3d at 451.

Here, immediately after J.H. was sworn, Appellant requested an inquiry into J.H.’s competence.  The trial court replied that it would “carry that motion along during direct examination.”  The State asked a series of preliminary questions to establish J.H.’s competence, including J.H.’s full name, his age, his counting ability, his ability to recite the alphabet and to recognize colors, and his promise to only tell the truth in court.  J.H. answered, “I can’t remember,” when asked for his full name and his first name, but was able to correctly answer the questions about his age, count to ten, recite the alphabet, identify colors, and promise to tell the truth.

When asked about the transaction at issue, the alleged sexual abuse, J.H. consistently responded that he could not remember.  After the State’s direct examination, Appellant indicated that he had no questions, and J.H. was allowed to step down.  Appellant requested a ruling on J.H.’s competency and the trial court stated that it found that J.H. “had sufficient intellect to relate transactions about which he was asked.”

After reviewing J.H.’s testimony, we conclude that the trial court abused its discretion in finding J.H. competent to testify.  
Woods
, 14 S.W.3d at 451
.  Although J.H. may have demonstrated to the trial court that he had the ability to intelligently observe events, based on his ability to recognize colors and recite numbers and the alphabet, and that he understood his responsibility to tell the truth by promising to do so, he was unable to demonstrate that he had the capacity to recollect and narrate events relating to the transaction at issue.  
See Upton
, 894 S.W.2d at 429.  Having found that the trial court abused its discretion, we must next determine whether this constituted harmful error.

Harm Analysis

Having determined that the trial court erred by admitting Paschall’s testimony about J.H.’s statements in Appellant’s third and fourth points, and by ruling that J.H. was a competent witness, we must determine whether these errors harmed Appellant.  
See
 
Tex. R. App. P
. 44.2.  Generally, the erroneous admission of evidence is nonconstitutional error governed by rule 44.2(b) if the trial court’s ruling merely offends the rules of evidence.  
See Solomon v. State
, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).  
But see Tiede v. State
, 76 S.W.3d 13, 14 (Tex. Crim. App. 2002) (giving two examples of evidentiary rulings excluding evidence that potentially rise to the level of constitutional violations).  However, because the error with regard to Paschall’s testimony involved a violation of Appellant’s right to confrontation and cross-examination under the Sixth Amendment, we apply rule 44.2(a) and reverse unless we determine beyond a reasonable doubt that the error did not contribute to Appellant’s conviction.  
Tex. R. App. P. 
44.2(a).

The question is whether the trial court’s improper admission of Paschall’s testimony under the outcry exception was harmless beyond a reasonable doubt.  
See Williams v. State
, 958 S.W.2d 186, 194 (Tex. Crim. App. 1997).  In applying the “harmless error” test, our primary question is whether there is a “reasonable possibility” that the error might have contributed to the conviction.  
Mosley v. State
, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied
, 526 U.S. 1070 (1999).  Our harmless error analysis should not focus on the propriety of the outcome of the trial; instead, we should calculate as much as possible the probable impact on the jury in light of the existence of other evidence.  
Wesbrook v. State
, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000), 
cert. denied
, 532 U.S. 944 (2001).  We consider the source and nature of the error, the extent that it was emphasized by the State, its probable collateral implications, the weight a juror would probably place on the error, and whether declaring it harmless would be likely to encourage the State to repeat it with impunity.  
Harris v. State
, 790 S.W.2d 568, 587 (Tex. Crim. App. 1989).  This requires us to evaluate the entire record in a neutral, impartial, and even-handed manner, not “in the light most favorable to the prosecution.” 
 Id
. at 586.

Here, the source and nature of the error were the improper designation of the outcry witness by the State, followed by the trial court’s finding that Paschall was the proper outcry witness and allowing her to testify about J.H.’s  statements.  Caldwell’s testimony about J.H.’s statements, properly admissible under rule 803(4), covered the same essential facts—that J.H. said that Appellant made him suck Appellant’s penis.  Caldwell’s testimony, along with the circumstantial testimony provided by Lisa, would have been sufficient to sustain Appellant’s conviction.  
See
 
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(v), (2)(B).  Paschall’s evidence repeated Caldwell’s testimony and was no more incriminating than the evidence properly presented at trial.  
See Long v. State
, 203 S.W.3d 352, 353 (Tex. Crim. App. 2006).  Therefore, we hold beyond a reasonable doubt that the trial court’s constitutional error in admitting Paschall’s testimony did not contribute to Appellant’s conviction or punishment.  We overrule Appellant’s fourth point.  Because we hold that the admission of Paschall’s testimony was harmless as a constitutional error, reviewed at a higher standard, we also hold that it was harmless as a nonconstitutional error, the admission of otherwise inadmissible hearsay, and overrule Appellant’s third point.

Rule 44.2(b) applies to nonconstitutional error.  
Tex. R. App. P
. 44.2(b).  We disregard nonconstitutional error if it did not affect Appellant’s substantial rights.  
Id
; 
see Mosley
, 983 S.W.2d at 259
; 
Coggeshall v. State
, 961 S.W.2d 639, 642-43 (Tex. App.—Fort Worth 1998, pet. ref’d).  A substantial right is affected when the error had a substantial and injurious effect or influence in determining the jury’s verdict.  
King v. State
, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997) (citing 
Kotteakos v. United States
, 328 U.S. 750, 776, 66 S. Ct. 1239, 1253 (1946));
 Coggeshall
, 961 S.W.2d at 643.  In making this determination, we review the record as a whole.  
See Johnson v. State
, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

J.H. provided no testimony at all with regard to the sexual abuse, other than stating that he could not remember.  The extent of his testimony, other than answering questions to establish his competency to testify, was that he knew Appellant, had been to Appellant’s home, and remembered going to the hospital to be examined.  He answered affirmatively when asked whether he remembered talking to a lady at the hospital about what had happened to him and showing her what had happened using some dolls.  He answered affirmatively when asked whether he told her the truth.

We conclude that, in the context of the entire case against Appellant, the trial court’s error in finding that J.H. was competent to testify did not have a substantial or injurious effect on the jury’s verdict and did not affect Appellant’s substantial rights, because J.H.’s testimony provided nothing the jury could use to determine guilt or innocence, and because Caldwell’s testimony was sufficient to sustain Appellant’s conviction.  
See
 
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(iii), (2)(B); 
see King
, 953 S.W.2d at 271.  Thus, we disregard the error.  
See
 
Tex. R. App. P
. 44.2(b).  We overrule Appellant’s sixth point.

Impeachment

In his fifteenth point, Appellant claims that the trial court reversibly erred and abused its discretion by denying his requested instruction on impeachment in the jury charge.  He argued that the State attempted to impeach J.H. by offering Caldwell’s and Paschall’s testimony, because J.H. indicated that nothing happened and “the sum and substance of the testimony of Ms. Caldwell and Ms. Paschall is that he said that, in fact, [Appellant] put his penis in . . . [J.H.]’s mouth, so that—in essence, that impeached the testimony of [J.H.].”  Appellant sought a limiting instruction explaining that testimony offered to impeach a witness can be considered for that purpose, but not for any other substantive purpose.

A request for a limiting instruction must be made at the time the evidence is admitted; otherwise the evidence is admitted for all purposes.  
See Hammock v. State
, 46 S.W.3d 889, 894-95 (Tex. Crim. App. 2001).  Appellant objected to Caldwell’s and Paschall’s testimony based on hearsay but did not request a limiting instruction until after both sides rested.  Therefore, the evidence was admitted for all purposes, and the trial court did not abuse its discretion by denying Appellant an instruction on impeachment.  
See id. 
at 895; 
see also Green
, 934 S.W.2d at 101-02; 
Montgomery
, 810 S.W.2d at 391.  We overrule Appellant’s fifteenth point.

SUFFICIENCY OF THE EVIDENCE

In his first two points, Appellant complains that the evidence was legally and factually insufficient to sustain his conviction.

Legal & Factual Sufficiency Standards Of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 
Tex. Code Crim. Proc. Ann
. art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).  We must consider all the evidence admitted at trial, even improperly admitted evidence, when performing a legal sufficiency review.  
Moff v. State
, 131 S.W.3d 485, 489-90 (Tex. Crim. App. 2004). 

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party.  
Watson v. State
, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder’s determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder’s determination is manifestly unjust.  
Watson
, 204 S.W.3d at 414-15, 417; 
Johnson v. State
, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict.
  Watson
, 204 S.W.3d 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court “harbor a subjective level of reasonable doubt to overturn [the] conviction.”  
Id
.  We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury’s resolution of a conflict in the evidence.  
Id
.  We may not simply substitute our judgment for the fact-finder’s.  
Johnson
, 23 S.W.3d at 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a different result is appropriate, we must defer to the jury’s determination of the weight to be given contradictory testimonial evidence because resolution of the conflict “often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered.” 
 Johnson
, 23 S.W.3d at 8.  Thus, we must give due deference to the fact-finder’s determinations, “particularly those determinations concerning the weight and credibility of the evidence.”  
Id
. at 9.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

Lisa identified Appellant at trial.  Caldwell and Paschall testified that J.H. told them the same thing, and Paschall also testified that J.H. described Appellant’s penis as “big” and “sticking up,” and that J.H. demonstrated what had happened using dolls.  She testified that J.H. “used the adult male doll and removed or pulled the pants down and the underwear down on the doll and placed his own mouth on the penis of the adult male doll.”  Because the jury was the sole judge of this evidence’s weight and credibility, because we must consider all the evidence admitted at trial, even if improperly admitted, and because we must resolve any inconsistencies in the evidence in favor of the verdict, we hold that there was legally sufficient evidence to convict Appellant of aggravated sexual assault of a child.  
See
 
Tex. Penal Code Ann. § 
22.021(a)(1)(B)(iii)(v), (2)(B); 
Tex. Code Crim. Proc. Ann. 
art. 38.04; 
Moff, 
131 S.W.3d at 489-90; 
Margraves
, 34 S.W.3d at 919; 
Curry
, 30 S.W.3d at 406.  We overrule Appellant’s first point.

Viewing the evidence in a neutral light, because the record does not clearly reveal that a different result is appropriate based on all the evidence at trial, we must conclude that there was also factually sufficient information to convict Appellant.  
See Johnson
, 23 S.W.3d at 8.  We overrule Appellant’s second point.

CLOSING ARGUMENTS

Appellant complains that the State made the following improper arguments in closing:

Point Seven:  “Sometimes when witnesses are children, they don’t want to tell their story.”

Point Eight:  “The father was there, so [the police officers] had no concerns about [Appellant] maybe coming over there and doing anything else, because the victim’s father—.

Point Nine (two statements): “You saw [J.H.].  He didn’t want to come in here.  You saw the apprehension on his face, as soon as he walked into this courtroom.”  “You saw [J.H.] walk in here.  You saw the hesitation.”

Point Ten (regarding J.H.’s statements to Paschall and Caldwell and summarizing their testimony): “[J.H.] felt safe.  He felt like he could talk to them, and he told them what happened to him.”
(footnote: 8)

 

Point Eleven: “[H]e was abused.”

Point Twelve: “He was sexually abused by the defendant.” 

Point Thirteen: “The defendant in this case is guilty of the offense as charged.”

Point Fourteen: “This man deserves to be found guilty.  He molested a four year old in our community, here in Tarrant County, Texas.”

To be permissible, the State’s jury argument must fall within one of the following four general areas:  (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; or (4) plea for law enforcement.  
Felder v. State
, 848 S.W.2d 85, 94-95 (Tex. Crim. App. 1992), 
cert. denied
, 510 U.S. 829 (1993); 
Alejandro v. State
, 493 S.W.2d 230, 231 (Tex. Crim. App. 1973).  If a jury argument exceeds the bounds of proper argument, the trial court’s erroneous overruling of a defendant’s objection is not reversible error unless it affected the appellant’s substantial rights.  
Tex. R. App. 
P. 44.2(b); 
Martinez v. State
, 17 S.W.3d 677, 692-93 (Tex. Crim. App. 2000); 
Mosley
, 983 S.W.2d at 259
.  In determining whether the appellant’s substantial rights were affected, we consider:  (1) the severity of the misconduct (i.e., the prejudicial effect of the prosecutor’s remarks), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Martinez
, 17 S.W.3d at 692-93; 
Mosley
, 983 S.W.2d at 259.

When the trial court sustains an objection and instructs the jury to disregard but denies a defendant’s motion for a mistrial, the issue is whether the trial court abused its discretion in denying the mistrial.  
Hawkins v. State
, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).  Only in extreme circumstances, when the prejudice caused by the improper argument is incurable, i.e., “so prejudicial that expenditure of further time and expense would be wasteful and futile,” will a mistrial be required.  
Id
.; 
see also Simpson v. State
, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003), 
cert. denied
, 542 U.S. 905 (2004).  In determining whether the trial court abused its discretion in denying the mistrial, we balance three factors:  (1) the severity of the misconduct (prejudicial effect), (2) curative measures, and (3) the certainty of conviction absent the misconduct.  
Hawkins
, 135 S.W.3d at 77; 
Mosley
, 983 S.W.2d at 259. In point seven, Appellant complains that the trial court reversibly erred and abused its discretion in overruling his motion for mistrial because the State argued personal opinion in its observation that “[s]ometimes when witnesses are children, they don’t want to tell their story.”  
Matters of common knowledge may be incorporated into final argument without express support in the evidence. 
 Carter v. State
, 614 S.W.2d 821, 823 (Tex. Crim. App. 1981) (citing examples); 
Ramirez v. State
, 293 S.W.2d 653, 656 (Tex. Crim. App. 1956) (holding no reversible error when State called jury’s attention to common knowledge that some marijuana finds its way into the possession of high school children); 
Laca v. State
, 893 S.W.2d 171, 185 (Tex. App.—El Paso 1995, pet. ref’d) (stating that it is common knowledge that “children are dying in our streets,” caught in the crossfire of gang violence).  Moreover, the jury had the opportunity to observe J.H. when he testified and to draw its own conclusions.

We conclude that the trial court did not err when it overruled Appellant’s objection because, as a matter of common knowledge, the State’s argument falls within the boundaries of reasonable jury arguments.  We overrule Appellant’s seventh point.

Regarding point eight, the trial court sustained Appellant’s objection and instructed the jury to disregard the State’s comment that was outside the record, pertaining to the presence of J.H.’s father as preventing Appellant from doing something else to the victim after the police gave him a criminal trespass warning.  The trial court denied Appellant’s request for a mistrial.  Appellant complains that denying the mistrial constituted reversible error and an abuse of discretion.

While it was improper to invite the jury to speculate on the existence of evidence not presented, the State’s comment was quickly followed by the trial court’s instruction to disregard, with which we presume the jury complied.  
See Colburn v. State
, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998).  Additionally, the State’s comment was made in response to claims in Appellant’s argument that he was not guilty because he had not been immediately arrested, but instead had merely received a criminal trespass warning.
(footnote: 9)  Within this context, the prejudicial effect of the challenged reference was minimal, in that the jury already had Officer Laurie’s explanation regarding why Appellant was not immediately arrested.
(footnote: 10) 
 See Hawkins
, 135 S.W.3d at 77; 
Felder
, 848 S.W.2d at 94-95.

Furthermore, only offensive or flagrant error warrants reversal when there has been an instruction to disregard, and, in the case at bar, this comment, comprising one sentence in the State’s closing argument, was not so flagrant that the instruction to disregard was ineffective.  
See Wesbrook
, 29 S.W.3d at 115-16; 
Wilkerson v. State
, 881 S.W.2d 321, 327 (Tex. Crim. App.), 
cert. denied
, 513 U.S. 1060 (1994).  As to the certainty of conviction, the record supports the jury’s verdict, absent the misconduct, based on testimony the State elicited from Caldwell concerning the commission of the offense itself.  
See Hawkins
, 135 S.W.3d at 77. 
 
Accordingly, we hold that the trial court’s prompt instruction to the jury to disregard the State’s comment cured any resulting prejudicial effect and that the trial court did not abuse its discretion by denying Appellant’s request for a mistrial.  
See id.
; 
Wesbrook
, 29 S.W.3d at 115.  We overrule Appellant’s eighth point.

Regarding point nine, the trial court sustained both of Appellant’s objections to the State’s comments outside the record alluding to apprehension felt by J.H. and instructed the jury to disregard the comments both times.  The trial court denied Appellant’s motions for mistrial on these comments, and Appellant complains that this constituted reversible error and an abuse of discretion.  We disagree, because the trial court did not act arbitrarily in denying these motions.  The jurors had already had the opportunity to develop their impressions of J.H. during J.H.’s testimony.  
See
 
Hawkins
, 135 S.W.3d at 77; 
see also Simpson
, 119 S.W.3d at 272.  Balancing the minimal prejudice these comments could have caused with the trial court’s prompt curative instructions to the jury, and, as discussed above, the certainty of Appellant’s conviction absent this misconduct, we conclude that the trial court did not abuse its discretion by denying Appellant’s motions for mistrial based on these comments.  
See Hawkins
, 135 S.W.3d at 77.  We overrule Appellant’s ninth point.

In points ten through fourteen, Appellant complains that the trial court reversibly erred and abused its discretion in overruling the Appellant’s objections to the State’s use of personal opinion.  The State’s comments that J.H. was abused and sexually abused by Appellant, challenged in points eleven and twelve, fall generally within a reasonable deduction from the evidence, assuming the jury believed the testimony of Caldwell and Paschall.  
See Felder
, 848 S.W.2d at 94-95.  The State’s comments that Appellant was guilty and deserved to be found guilty, challenged in points thirteen and fourteen, were opinions, but the State “may argue [its] opinions concerning issues in the case so long as the opinions are based on the evidence in the record and not as constituting unsworn testimony.”  
Id. 
at 95; 
McKay v. State
, 707 S.W.2d 23, 37 (Tex. Crim. App. 1985), 
cert. denied,
 479 U.S. 871 (1986).  Based on the evidence against Appellant presented at trial, these were also permissible arguments.  Because these objections fall within the four permissible areas of closing arguments, the trial court did not abuse its discretion in overruling Appellant’s objections to them.  We overrule Appellant’s points eleven, twelve, thirteen, and fourteen.

The comment complained of in point ten, the State’s personal opinion that J.H. felt safe when he talked with Paschall and Caldwell, does not fall within the four general areas of permissible closing argument.  
See Felder
, 848 S.W.2d at 94-95
. 
 However, as discussed above, this error did not affect Appellant’s substantial rights with regard to the severity of the conduct and its prejudicial effect.  If the jury chose to believe Paschall’s and Caldwell’s testimony about J.H., the conclusion that he felt safe talking with them, and not on the stand, would be a reasonable inference.  Although the trial court issued no curative instructions, the certainty of conviction here absent the misconduct weighs against Appellant.  We overrule Appellant’s tenth point.

CONCLUSION

Having overruled all of Appellant’s points, we affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:
  March 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. 
P. 47.4.

2:
A person commits the offense of aggravated sexual assault of a child if he intentionally or knowingly causes the mouth of a child to contact the sexual organ of another person, including the actor, and the victim is younger than fourteen years of age.  
Tex. Penal Code Ann
. § 22.021(a)(1)(B)(v), (2)(B) (Vernon Supp. 2006).

3:
The trial court ruled that Lisa could not testify as the outcry witness because the State had not designated her as the outcry witness.

4:
The State provides us with no briefing on whether Paschall’s testimony about J.H.’s statements could have been admissible under other exceptions to the hearsay rule.  The statements would not be admissible as prior consistent statements when J.H. failed to testify about the facts within those statements at trial.  
See
 
Tex. R. Evid
. 801(e)(1)(B); 
Turro v. State
, 950 S.W.2d 390, 404 (Tex. App.—Fort Worth 1997, pet. ref’d).

5:
A declarant is “unavailable” as a witness when he “testifies to a lack of memory of the subject matter of the declarant’s statement.”  
Tex. R. Evid
. 804(a)(3).  When asked whether something happened to him at Appellant’s home, J.H. replied that he did not remember.

6:
Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment are not excluded by the hearsay rule; under this exception, the availability of the declarant is immaterial.  
Tex. R. Evid
. 803(4).

7:
When asked by Appellant whether her examination was actually part of the police department’s investigatory process, Caldwell replied, “No, sir, I’m not an investigator.  I provide medical evaluations.”

8:
In point ten, Appellant complains that the State argued personal opinion when it argued that the offense “occurred in the manner related by Carrie Paschall from her interview of the Appellant [sic].”  In the argument portion of his brief for this point, Appellant also complains that it was error for the trial court to overrule his objections to the State’s reliance on “hearsay evidence.” Whether Caldwell’s and Paschall’s testimony was admissible is not relevant to Appellant’s complaint in point ten. The issue is whether the State’s comments fell within one of the four areas of permissible jury argument.

9:
Appellant argued, “You heard momma.  She tells the police something happened, and—but nobody goes to jail, so you can make your own conclusion from that.  They turn it over to a detective . . . three cops on the scene within a short time after the . . . call, nothing happens.”  After the State’s objection to this argument was sustained, Appellant continued, “all three [officers] confer and nobody goes to jail.”

10:
Officer Laurie testified that, as a patrol officer, securing an arrest warrant fell outside the scope of his duties.