Gwin H. LONG, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–02–00030–CR.

Court of Appeals of Texas,
Tyler.

Sept. 22, 2004.

Rehearing Overruled Oct. 28, 2004.

Discretionary Review Granted
June 8, 2005.

Landon L. Northcutt, Michael Paul Gibson, for appellant.

James H. Owen, Harry E. White, for state.

Panel consisted of WORTHEN, C.J., GRIFFITH, J. and DeVASTO, J.

## OPINION ON REMAND

JAMES T. WORTHEN, Chief Justice.

Gwin H. Long was convicted of five counts of gambling offenses. The trial court assessed punishment at sixty days in jail and a $5,000.00 fine. On original submission, Appellant presented one issue asserting the officers exceeded the scope of the search warrant by searching a red caboose located near the train car that contained illegal gambling equipment. This court affirmed the conviction. *Long v. State,* 108 S.W.3d 424 (Tex.App.-Tyler 2003). The court of criminal appeals found that the search exceeded the scope of the warrant, reversed our decision, and remanded the case for further proceedings. *Long v. State,* 132 S.W.3d 443 (Tex.Crim. App.2004). In light of the court of criminal appeals' decision, we reverse and remand the trial court's judgment.

In one issue, Appellant contends the officers exceeded the scope of the warrant by searching her residence, a red caboose, which was not specifically described in the warrant. The court of criminal appeals has held in Appellant's favor on this issue. *Id.* at 452. Because the search exceeded the scope of the warrant, the trial court abused its discretion in admitting the business records, gift certificates, and cash seized from the red caboose. *See id.* at 454.

■ Having found error, we must determine if that error was harmful. A violation of the evidentiary rules that results in the erroneous admission of evidence is non-constitutional error. *See King v. State,* 953 S.W.2d 266, 271 (Tex.Crim.App. 1997). A non-constitutional error is harmless if the reviewing court determines that no substantial rights of the defendant were affected because the error did not influence or had only a slight influence on the verdict. TEX.R.APP. P.

44.2(b); *Motilla v. State,* 78 S.W.3d 352, 355 (Tex.Crim.App.2002). However, a substantial right is affected when the error has a substantial and injurious effect or influence in determining the jury's verdict. *Id.* In assessing the effect of the error, the appellate court should consider everything in the record, including any testimony or physical evidence, the nature of the evidence supporting the verdict, the character of the alleged error, and how it might be considered in connection with other evidence. *Id.* The appellate court may also consider the jury instructions, defense and prosecution theories, closing arguments, and voir dire. *Id.*

■ In a single trial, Appellant was tried for five separate but interrelated violations of Chapter 47 of the Penal Code, including gambling promotion, keeping a gambling place, and possession of a gambling device and gambling paraphernalia. *See* TEX. PENAL CODE ANN. §§ 47.03(a)(1), (3), 47.04(a), 47.06(a), (c) (Vernon 2003). The jury heard all of the evidence on all counts. The law on all five counts was presented to the jury in a single charge. The jury deliberated on all five counts at once and returned its verdicts on all five counts at one time. Consideration of the inadmissible evidence was necessary for conviction on some of the counts and helpful to convict on the remaining counts. Therefore, the error in admitting the evidence seized from the red caboose had a substantial and injurious effect or influence in determining the jury's verdict. *See Motilla,* 78 S.W.3d at 355. Because the error was harmful, we sustain Appellant's sole issue.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings.