IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. PD-1888-04






GWIN H. LONG, Appellant


 

v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE TWELFTH COURT OF APPEALS


HENDERSON COUNTY




 

 Keasler, J., delivered the opinion of the Court in which Keller, P.J., Meyers,
Womack, Johnson, and Hervey, JJ., joined. Price, Holcomb, and Cochran, JJ.,
concurred without opinion. 


O P I N I O N 


 

 We reversed this case and remanded it to the Court of Appeals for it to conduct a harm
analysis. (1) In response, in a two-page opinion, the Court held that the error was non-constitutional and harmful. (2) Since the error was a Fourth Amendment violation
(constitutional error), and since the harm analysis is inadequate, we remand the case to the
Court for further analysis.

 Since the error was constitutional, the Court of Appeals should have used the harm
standard set forth in Texas Rules of Appellate Procedure 44.2(a). It is a stricter standard than
that employed by the Court. And if this were the only error the Court made in its analysis,
the result would remain the same, and there would be no need to remand. If the error was
harmful under the less rigid 44.2(b) standard, then it would also be harmful under 44.2(a).

 But there is a more troublesome issue. In its brief analysis, the Court stated that
"[c]onsideration of the inadmissible evidence was necessary for conviction on some of the
counts and helpful to convict on the remaining counts. Therefore, the error in admitting the
evidence seized from the red caboose had a substantial and injurious effect or influence in
determining the jury's verdict." (3)

 In conducting a harm analysis, the court of appeals must hand down an opinion that
although brief, "addresses every issue raised and necessary to final disposition of the
appeal." (4) It may not conclude that constitutional error is harmless unless it "determines
beyond a reasonable doubt that the error did not contribute to the conviction or punishment." (5)

 Here, the Court of Appeals made no mention of the remaining, legally obtained
evidence or whether that evidence was sufficient to sustain the conviction absent the illegally
obtained evidence. (6) It did not consider the evidence as it related to each individual count and
whether or not the illegally obtained evidence was cumulative or no more incriminating than
that which was legally obtained.

 The judgment of the Court of Appeals is therefore reversed, and the case is remanded
for the Court to conduct an analysis consistent with the dictates of this opinion.


DATE DELIVERED: October 4, 2006.

PUBLISH

 
1. Long v. State, 132 S.W.3d 443 (Tex. Crim. App. 2004).
2. Long v. State, 12-02-00030-CR, 2004 Tex. App. LEXIS 8487 (Tex.
App.--Tyler 2004).
3. Id. at *3-4.
4. Tex. R. App. P. 47.1.
5. Tex. R. App. P. 44.2(a)
.
6. See Jones v. State, 119 S.W.3d 766, 777 (Tex. Crim. App. 2003) ("The reviewing
court should 'calculate, as nearly as possible, the probable impact of the error on the jury
in light of the other evidence.'") (quoting McCarthy v. State, 65 S.W.3d 47, 55 (Tex.
Crim. App. 2001)).