ACCEPTED
06-15-00122-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 12:39:13 PM
DEBBIE AUTREY
CLERK

No. 06-15-00122-CR

IN THE COURT OF APPEALS
SIXTH DISTRICT
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/19/2015 12:39:13 PM
DEBBIE AUTREY
Clerk

_____

DAVID SYLVESTER CHAMBERS, Appellant

*v.*

THE STATE OF TEXAS

_____

ON APPEAL FROM THE 272nd DISTRICT COURT OF BRAZOS COUNTY
TRIAL COURT CAUSE NUMBER 13-02053-CRF-272

_____

BRIEF FOR APPELLANT

_____

Richard E. Wetzel
State Bar No. 21236300

1411 West Ave., Suite 100
Austin, Texas 78701

(512) 469-7943 – Telephone
(512) 474-5594 - Fax
wetzel_law@1411west.com

Attorney for Appellant
David Sylvester Chambers

## Identity of Parties and Counsel

| | |
|---|---|
| Appellant: | David Sylvester Chamber |
| Trial Counsel for Appellant: | Shannon Flanigan<br>Attorney at Law<br>P.O. Box 482<br>Bryan, TX<br>77806 |
| Appellate Counsel for Appellant: | Richard Wetzel<br>Attorney at Law<br>1411 West Ave., Ste. 100<br>Austin, TX<br>78701 |
| Appellee: | State of Texas |
| Trial Counsel for Appellee: | James Rogers<br>Jennifer Hebert<br>Assistant District Attorneys<br>300 E. 26th St., Ste. 310<br>Bryan, TX<br>77803 |
| Appellate Counsel for Appellee: | Doug Howell<br>Assistant District Attorney<br>300 E. 26th St., Ste. 310<br>Bryan, TX<br>77803 |
| Trial Judge: | Hon. Travis B. Bryan, III<br>272nd District Court<br>Brazos County, Texas |

## Table of Contents

**Page**

List of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . .ii

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . .. . . . . . . . . . . . . .iv

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . .1

Issues Presented . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . .2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . .6

Point of Error One . . . . . . . . . . . . . . . . . . . . . . . . . . .8

The trial court abused its discretion by allowing the State to amend the indictment after trial commenced (6 RR 214).

Point of Error Two . . . . . . . . . . . . . . . . . . . . . . . . . . .11

The trial court abused its discretion by denying Chambers' motion to suppress evidence (6 RR 183).

Point of Error Three . . . . . . . . . . . . . . . . . . . . . . . . . . .17

The judgment should be reformed to properly reflect Chambers was convicted of a state jail felony rather than a second degree felony (CR 35).

Prayer . . . . . . . . . . . . . . . . . . . . . . . . . . . .20

Certificate of Compliance . . . . . . . . . . . . . . . . . . . . . . . . . . .21

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . .21

# Index of Authorities

**Page**

**Cases**

*Amador v. State,* 221 S.W.3d 666
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . .13

*Best v. State,* 118 S.W.3d 857
(Tex. App.-Fort Worth 2003, no pet.) . . . . . . . . . . . . . . . . . . . . . . . .13

*Brother v. State,* 166 S.W.3d 255
(Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . .15

*Campbell v. State*, 49 S.W.3d 874
 (Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . .18

*Derichsweiler v. State,* 348 S.W.3d 906
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . .15

*Dixon v. State,* 206 S.W.3d 613
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . .15

*Estrada v. State,* 154 S.W.3d 604
(Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . . . . . .14

*Flores v. State*, 139 S.W.3d 61
(Tex. App. - Texarkana 2004, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . . .9

*Ford v. State*, 334 S.W.3d 230
(Tex. Crim. App. 2011) . . . . . . . . . . . . . . . . . . . . . . . .18

*Gollihar v. State*, 46 S.W.3d 243
(Tex. Crim. App. 2001) . . . . . . . . . . . . . . . . . . . . . . . .10

*Guzman v. State,* 955 S.W.2d 85
(Tex. Crim. App. 1997) . . . . . . . . . . . . . . . . . . . . . . . .13

*Howell v. State*, 563 S.W.2d 933
(Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . .19

*Johnson v. State,* 68 S.W.3d 644
(Tex. Crim. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . .14

*Johnson v. State*, 967 S.W.2d 410
(Tex. Crim. App. 1998) . . . . . . . . . . . . . . . . . . . . . . .10

*King v. State*, 953 S.W.2d 266
(Tex.Crim.App.1997) . . . . . . . . . . . . . . . . . . . . . . . .9

*Land v. State*, 291 S.W.3d 23
(Tex. App. – Texarkana 2009, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . .19

*Jackson v. State*, 288 S.W.3d 60
(Tex. App. – Houston [1st Dist.] 2009, pet. ref'd) . . . . . . . . . . . . . . . . . . . . .19

*Long v. State,* 203 S.W.3d 352
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .16

*Miles v. State,* 204 S.W.3d 822
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .16

*Montanez v. State,* 195 S.W.3d 101
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .14

*Romero v. State,* 800 S.W.2d 539
(Tex. Crim. App. 1990) . . . . . . . . . . . . . . . . . . . . . . .13

*Simpson v. State*, 227 S.W.3d 855
(Tex. App.—Houston [14th Dist.] 2007, no pet.) . . . . . . . . . . . . . . . . . . . . . . .16

*Splawn v. State*, 160 S.W.3d 103
(Tex. App. - Texarkana 2005, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . . .19

*State v. Cullen,* 195 S.W.3d 696
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .13

*State v. Kelly,* 204 S.W.3d 808
(Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . .14

*State v. Ross,* 32 S.W.3d 853
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . .13

*State v. Webb*, 12 S.W.3d 808
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . .18

*United States v. Sprick*, 233 F.3d 845
(5th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . .10

*Valenti v. State*, 49 S.W.3d 594
(Tex. App. - Fort Worth 2001, no pet.) . . . . . . . . . . . . . . . . . . . . . .9

*Wiede v. State,* 214 S.W.3d 17
(Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . .13

*Wilson v. State*, 442 S.W.3d 779
(Tex. App.—Fort Worth 2014, pet. ref'd) . . . . . . . . . . . . . . . . . . . . . .14

*Wright v. State*, 28 S.W.3d 526
(Tex. Crim. App. 2000) . . . . . . . . . . . . . . . . . . . . . . . .9

**Statutes**

Acts 2015, 84th Leg., ch. 1251 (H.B. 1396), § 10, eff. Sept. 1, 2015 . . . . . . . .17

TEX. CRIM. PROC. CODE art. 28.10(b) . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. CRIM. PROC. CODE art. 42.01 § 14 . . . . . . . . . . . . . . . . . . . . . . . .19

TEX. PEN. CODE § 12.35(a) . . . . . . . . . . . . . . . . . . . . . . . .18

TEX. PEN. CODE § 12.35(c) . . . . . . . . . . . . . . . . . . . . . . .10, 18

TEX. PEN. CODE § 12.425(b) . . . . . . . . . . . . . . . . . . .1, 10, 17

TEX. PEN. CODE § 31.03(a) . . . . . . . . . . . . . . . . . . . . . .1, 17

TEX. PEN. CODE § 31.03(e)(4)(A) . . . . . . . . . . . . . . . . . . . . . .1, 17

**Rules**

TEX. R. APP. P. 9.4 . . . . . . . . . . . . . . . . . . . . . . .21

TEX. R. APP. P. 43.2(b) . . . . . . . . . . . . . . . . . . . . . .19

TEX. R. APP. P. 44.2(a) . . . . . . . . . . . . . . . . . . . . . .16

TEX. R. APP. P. 44.2(b) . . . . . . . . . . . . . . . . . . . . . .9

## Statement of the Case

This is an appeal from a criminal proceeding. David Sylvester Chambers was indicted by a Brazos County grand jury for the state jail felony offense of theft of property with a value over $1,500 and under $20,000 (CR 5). See TEX. PEN. CODE §§ 31.03(a) and 31.03(e)(4)(A). Two prior felony convictions were alleged to enhance punishment to that of a second degree felony (CR 5). See TEX. PEN. CODE § 12.425(b). A jury was selected and sworn (6 RR 152, 184). Chambers entered a plea of not guilty (6 RR 185). The jury found him guilty as charged in the indictment (7 RR 88). Punishment was tried to the court (8 RR). Chambers pled not true to the prior convictions alleged for enhancement of punishment (8 RR 7). The trial court found the prior convictions true and assessed punishment at 15 years in prison (8 RR 84). The trial court certified Chambers' right to appeal (CR 43). Notice of appeal was timely filed (CR 51). Pursuant to an order of the Supreme Court of Texas, the appeal was transferred to this Court from the Tenth Court of Appeals.

## Issues Present on Appeal

Point of Error One

The trial court abused its discretion by allowing the State to amend the indictment after trial commenced (6 RR 214).

Point of Error Two

The trial court abused its discretion by denying Chambers' motion to suppress evidence (6 RR 183).

Point of Error Three

The judgment should be reformed to properly reflect Chambers was convicted of a state jail felony rather than a second degree felony (CR 35).

## Statement of Facts

Just after midnight on March 9, 2013, Mario Thompson was visiting a friend in Bryan (7 RR 9). Thompson saw a black pickup truck pull near a trailer parked across the street (7 RR 13). Thompson watched the driver of the truck try to attach the trailer to the truck for 15 minutes (7 RR 15). As cars would approach near the trailer, the driver would hide behind the trailer or between the truck and the trailer (7 RR 14).

Once the trailer was attached and the truck drove away, Thompson followed in his own car because he thought the trailer was being stolen by the truck driver (7 RR 18, 31). While following the truck and trailer, Thompson called 911 to report what he thought to be a stolen trailer (7 RR 21). Thompson was unable to identify Chambers as the driver of the truck who took the trailer (7 RR 43).

Shortly after midnight on March 9, 2013, Officer James Hauke, of the Bryan Police Department, received a dispatch concerning a truck pulling a possible stolen trailer (6 RR 190). Police had initially been alerted to the situation by the occupant of an automobile who made a 911 call while following the truck (6 RR 191). Hauke located the truck as it was being driven on a highway while pulling a trailer (6 RR 192). He stopped the truck and determined Chambers was the driver of the truck (6 RR 192). After stopping the truck, Hauke radioed in the license plate number of the trailer, 013686H, and spoke with the occupants of the vehicle who had followed the truck driven by Chambers (6 RR 198). At the time of the stop, Chambers did not have keys to the various locks on the trailer (6 RR 198).

Duane Monteilh previously worked for Woodbolt Distributors in Bryan (7 RR 50). While so employed, he bought a trailer for the company in November of 2012 for the sum of $4651.03 (7 RR 52). Texas license plate number 013686H was affixed to the trailer (7 RR 53). The trailer was generally stored in an alley

3

behind a building (7 RR 53). The trailer was secured with multiple locks on the hitch and the doors (7 RR 56). Monteih does not know Chambers and did not give him permission to use or take the trailer (7 RR 57).

Nathan Kleiman and Woodbolt Distributors are named as the owners of the trailer in the indictment (CR 5). Kleiman is employed by Woodbolt Distributors (7 RR 62). Kleiman did not give Chambers permission to use or take the trailer (7 RR 62).

The State rested (7 RR 62). Chambers rested and both sides closed (7 RR 64). No objection was voiced to the trial court's charge to the jury (7 RR 68). Argument was presented (7 RR 71, 75, and 84). The jury found Chambers guilty as charged in the indictment (7 RR 88). The jury was discharged (7 RR 90).

Punishment was tried to the court (8 RR). Chambers pled not true to the prior convictions alleged for enhancement of punishment (8 RR 7). However, he stipulated he was the same person alleged in the prior convictions and there would be no need for a fingerprint expert to connect his fingerprints with those on the prior judgments (8 RR 8). Evidence of Chambers prior felony and misdemeanor convictions was introduced without objection (8 RR 11, 9 RR SX 25-38).

Betty Meier is a community supervision officer with Brazos County (8 RR 14). She prepared the presentence investigation report in this case (8 RR 15). Based on Chambers' criminal history, she could not recommend community supervision in this case (8 RR 15). At the time of trial, Chambers was 58 years of age and had been in trouble with the law since 1977 (8 RR 30). In her discussions with Chambers, he denied committing the instant offense and said the trailer had been taken by someone he allowed to use his truck (8 RR 19). The State rested on punishment (8 RR 36).

Daidra Powell is Chambers' daughter (8 RR 37). He lives with her in Houston (8 RR 38). Chambers has a variety of illnesses including asthma, seizures, back problems, bipolar disorder, and colon cancer (8 RR 39, 41).

Chambers testified he suffers from numerous medical ailments including seizures, asthma, back problems, and an irregular heartbeat (8 RR 50-54). He assured the court he would comply with the terms and conditions of community supervision if the court saw fit to place him on community supervision (8 RR 57). He maintained his innocence of taking the trailer (8 RR 64). He admitted he was the same person alleged to have been previously convicted in the enhancement paragraphs of the indictment (8 RR 66).

The defense rested on punishment and both sides closed (8 RR 78). Argument was presented (8 RR 78, 82). The trial court found the prior convictions alleged for enhancement true and assessed punishment at 15 years in prison (8 RR 84). Chambers was sentenced in open court (8 RR 84).

## Summary of the Argument

The first point of error complains of an improper amendment of the indictment on the day trial commenced over objection by Chambers' counsel. Chambers maintains he has a substantial right in the State and trial court following the applicable law with regard to amending indictments on the day of trial. The unlawful amendment concerns an enhancement of punishment allegation which elevated the range of punishment from a third degree felony to a second degree felony range of punishment. But for the unlawful amendment, Chambers could have successfully urged a variance between the indictment and proof with regard to one of the prior convictions alleged for enhancement of punishment. His ability to mount a successful defense to the enhancement of punishment should not have been sidetracked by the State's unlawful amendment of the indictment. The Court should find his substantial rights were adversely impacted by the unlawful amendment and remand the cause for a new punishment hearing for punishment to be assessed within the range of a felony of the third degree.

6

The second point of error urges the trial court abused its discretion by denying Chamber's motion to suppress. Evidence was recovered and observations made by the arresting officer when the stop of Chambers' truck was not supported by reasonable suspicion. The trial court's conclusion to the contrary is subject to de novo review by this Court. The Court will be unable to find the error harmless beyond a reasonable doubt.

By his final point of error, Chambers seeks reformation of the judgment. The indictment alleges Chambers committed the state jail felony offense of theft. The jury found him guilty of the offense alleged in the indictment. Punishment, enhanced by proof of two prior felony convictions, other than state jail felony convictions, was subject to punishment for a second degree felony offense. The judgment erroneously recites he was convicted of a state jail felony enhanced to a second degree felony. The record contains the necessary data and information for modification of the judgment. This Court should modify the judgment to properly reflect the degree of felony for which Chambers was convicted was that of a state jail felony rather than a second degree felony offense.

## Point of Error One

**The trial court abused its discretion by allowing the State to amend the indictment after trial commenced (6 RR 214).**

The indictment alleges two prior felony convictions, other than state jail felonies, for purposes of enhancement of punishment (CR 5). The first such prior conviction is alleged as an August 4, 1978, burglary of a habitation conviction from Galveston County (CR 5).

After the voir dire examination of the prospective jurors, the State mentioned it intended to amend the indictment regarding the date of the first prior conviction from August 4 to August 14, 1978 (6 RR 121). After the jury was sworn, Chambers entered a plea, and the first witness testified, the State revisited the issue of amending the indictment (6 RR 212). Counsel for Chambers objected the attempted amendment was untimely (6 RR 212). The trial court overruled the objection upon observing Chambers was 12 minutes late coming back from lunch and the jury was sworn before the amendment could take place (6 RR 214). In spite of the trial court's observation, the record does not show Chambers was late or absent for any of the proceedings (6 RR 6, 9, 155, and 183).

Evidence of Chambers prior felony and misdemeanor convictions was introduced without objection during the punishment proceeding (8 RR 11, 9 RR

8

SX 25-38). State's Exhibit 25 concerns the first prior conviction alleged for enhancement and shows a conviction date of August 14, 1978 (9 RR SX 25).

According to the Code of Criminal Procedure, a motion to amend the indictment made on the day of trial, as here, can only be granted "if the defendant does not object." *See* TEX. CRIM. PROC. CODE art. 28.10(b). Because Chambers objected to the State's motion to amend the indictment on the day of trial, it was error for the trial court to grant the amendment. *See id.*

This Court must determine whether the trial court's erroneous ruling under article 28.10 of the Code of Criminal Procedure is harmless error under Rule 44.2(b) of the Texas Rules of Appellate Procedure. *See Wright v. State*, 28 S.W.3d 526, 531–32 (Tex. Crim. App. 2000); *Flores v. State*, 139 S.W.3d 61, 65–66 (Tex. App. - Texarkana 2004, pet. ref'd); *Valenti v. State*, 49 S.W.3d 594, 598 (Tex. App. - Fort Worth 2001, no pet.). Under Rule 44.2(b), this Court is required to disregard errors, defects, irregularities, or variances that do not affect the accused's substantial rights. TEX. R. APP. P. 44.2(b). An error affects a substantial right "when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App.1997).

If looking at the record as a whole, it appears the error "did not influence the

9

jury, or had but a slight effect," an appellate court must consider the error harmless and allow the conviction to stand. *Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998). To determine whether the trial court's error affected a substantial right, an appellate court should examine the possible outcomes had the indictment not been erroneously amended. The critical inquiry requires consideration of whether the indictment, as written, informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the original indictment would subject the defendant to the risk of being prosecuted later for the same crime. *Gollihar v. State*, 46 S.W.3d 243, 248 (Tex. Crim. App. 2001) (quoting *United States v. Sprick*, 233 F.3d 845, 853 (5th Cir.2000)).

Chambers maintains he has a substantial right in the State and trial court following the applicable law with regard to amending indictments on the day of trial. The unlawful amendment concerns an enhancement of punishment allegation which changed the range of punishment from a third degree felony to a second degree felony. *See* TEX. PEN. CODE §§ 12.35(c)(2) and 12.425(b). Finally, but for the unlawful amendment, Chambers could have successfully urged a variance between the indictment and proof with regard to the first prior conviction alleged for enhancement of punishment. His ability to mount a successful defense to a variance in the first enhancement allegation should not

10

have been sidetracked by the State's unlawful amendment of the indictment. Chambers substantial rights were adversely impacted by the error and he is entitled to a new punishment hearing before the trial court for punishment to assessed within the range of a third degree felony.

## Point of Error Two

**The trial court abused its discretion by denying Chambers' motion to suppress evidence (6 RR 183).**

Chambers filed a motion to suppress evidence from his warrantless stop on the basis the officer did not have reasonable suspicion to conduct the stop (CR 22). A hearing on the motion to suppress was conducted outside the presence of the jury (6 RR 155 – 183). During the hearing, counsel for Chambers argued that before conducting the stop, the officer did not have sufficient articulable facts which would have supported a determination of reasonable suspicion and allowed the stop without a warrant (6 RR 178).

At the conclusion of the hearing, the trial court denied the motion to suppress (6 RR 183). Chambers reurged his objection during trial to any testimony from the officer following the stop of Chambers' truck (6 RR 195). The objection was overruled (6 RR 195). As directed by this Court, the trial court subsequently

11

entered findings of fact and conclusions of law relative to the denied motion to suppress (Supp. CR 4 - 10).

During the suppression hearing, Officer James Hauke, of the Bryan Police Department, testified he was on patrol on March 9, 2013 (6 RR 156). He received a report of a vehicle being driven in a reckless manner and pulling a possible stolen trailer (6 RR 156). Hauke identified a recording from his patrol unit, the computer aided dispatch notes, and a 911 call which was placed by concerned citizens (6 RR 157). The 911 call was placed by the occupants of a vehicle following a truck with what was believed to be a stolen trailer (6 RR 160).

Hauke located the truck and followed it in his patrol vehicle (6 RR 161). With the assistance of a fellow officer, the truck was stopped, Chambers was removed from the truck, and Chambers was placed in a patrol vehicle (6 RR 162). Chambers was the driver of the truck stopped by Hauke (6 RR 162). After the stop, Hauke learned the identity of the trailer owner and spoke to the occupants of the vehicle which had followed the truck (6 RR 163).

Hauke admitted he did not hear the 911 call before conducting the stop (6 RR 166). He did not have the license plate number of the stolen trailer before conducting the stop (6 RR 167). Only after detaining Chambers was Hauke able to see the license plate number of the trailer and determine ownership of the trailer (6

12

RR 168). Hauke's decision to stop Chambers was based solely on the information he had received from dispatch (6 RR 169). No reckless driving was demonstrated by Chambers before the stop (6 RR 174). The only thing Hauke knew for sure was that an automobile was following a truck pulling a trailer and the occupant of the automobile claimed the trailer was stolen (6 RR 175).

The trial court concluded the stop of Chambers' truck was permissible as supported by reasonable suspicion (Supp. CR 9). Chambers disagrees.

A trial court's ruling on a motion to suppress evidence is reviewed on appeal under a bifurcated standard of review. *Amador v. State,* 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); *Guzman v. State,* 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). In reviewing the trial court's decision, an appellate court does not engage in its own factual review. *Romero v. State,* 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); *Best v. State,* 118 S.W.3d 857, 861 (Tex. App.-Fort Worth 2003, no pet.). The trial judge is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony. *Wiede v. State,* 214 S.W.3d 17, 24–25 (Tex. Crim. App. 2007); *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000), *modified on other grounds by State v. Cullen,* 195 S.W.3d 696 (Tex. Crim. App. 2006).

13

Almost total deference to the trial court's rulings is given on (1) questions of historical fact, even if the trial court's determination of those facts was not based on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Amador,* 221 S.W.3d at 673; *Montanez v. State,* 195 S.W.3d 101, 108–09 (Tex. Crim. App. 2006); *Johnson v. State,* 68 S.W.3d 644, 652–53 (Tex. Crim. App. 2002). But when application-of-law-to-fact questions do not turn on the credibility and demeanor of the witnesses, the trial court's rulings on those questions is reviewed de novo. *Amador,* 221 S.W.3d at 673; *Estrada v. State,* 154 S.W.3d 604, 607 (Tex. Crim. App. 2005); *Johnson,* 68 S.W.3d at 652–53.

Stated another way, when reviewing the trial court's ruling on a motion to suppress, an appellate court must view the evidence in the light most favorable to the trial court's ruling. *Wiede,* 214 S.W.3d at 24; *State v. Kelly,* 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). When the trial court makes explicit fact findings, an appellate court must determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those fact findings. *Kelly,* 204 S.W.3d at 818–19. The trial court's legal rulings are reviewed de novo unless its explicit fact findings that are supported by the record are also dispositive of the legal ruling. *Id.* at 818; *Wilson v. State*, 442 S.W.3d 779, 783-84 (Tex. App.—Fort Worth 2014, pet. ref'd).

14

Here, Chambers' challenge to the propriety of the stop is legal in nature and do not turn on credibility or demeanor choices made by the trial court upon denying the motion to suppress. Accordingly, de novo review is appropriate standard of review for this Court upon reviewing the trial court's conclusions of law.

The issue is whether the totality of the information provided Hauke specific, articulable facts that, combined with reasonable inferences to be derived from those facts, would lead to the reasonable conclusion that Chambers was committing some type of criminal activity. *See Derichsweiler v. State,* 348 S.W.3d 906, 915–16 (Tex. Crim. App. 2011). Before detaining a suspect, an officer must corroborate the facts supplied by a citizen-eyewitness. *Brother v. State,* 166 S.W.3d 255, 258–59, 259 n. 5 (Tex. Crim. App. 2005). However, corroboration does not require the officer to personally observe criminal conduct; "[r]ather, corroboration refers to whether the police officer, in light of the circumstances, confirms enough facts to reasonably conclude that the information given to him is reliable and a temporary detention is thus justified." *Id.* at 259 n. 5; *see also Dixon v. State,* 206 S.W.3d 613, 616 n. 13, 617 n. 17, 618–19 (Tex. Crim. App. 2006).

Chambers argues Hauke did not have sufficient articulable facts to support the stop of Chambers' truck. His only information was that a truck was pulling a

15

possible stolen trailer. He did nothing to corroborate that report before stopping Chambers. The corroboration only occurred following the unlawful stop. The trial court should have granted the motion to suppress and excluded any evidence gathered or observations by Hauke following the improper stop.

Because the trial court committed a constitutional error in admitting the evidence recovered by Hauke, this Court is called on to determine whether such error was harmful to Crayton. *Long v. State,* 203 S.W.3d 352, 353 (Tex. Crim. App. 2006). If the appellate record in a criminal case reveals constitutional error in the proceedings below, the appellate court must reverse the judgment under review unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. *Id.* (citing TEX. R. APP. P. 44.2(a)). In calculating the probable impact of the error on the jury, the court is to look at the totality of the circumstances and the record as a whole. *Simpson v. State*, 227 S.W.3d 855, 858-59 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Miles v. State,* 204 S.W.3d 822, 828 (Tex. Crim. App. 2006).

Here, Hauke was the State's star professional witness before the jury. The conviction could not have been secured without Hauke's testimony before the jury. The State made prominent mention of Hauke's anticipated testimony in open statements (6 RR 187). The State once again relied on his testimony and

16

observations following the unconstitutional stop in closing statement (7 RR 71, 73).

After considering the appropriate 44.2(a) factors, this Court will be unable to find beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment. Chambers should be awarded a new trial in which the fact finder will receive only admissible evidence.

## Point of Error Three

**The judgment should be reformed to properly reflect Chambers was convicted of a state jail felony rather than a second degree felony (CR 35).**

Chambers was indicted by a Brazos County grand jury for the state jail felony offense of theft of property with a value over $1,500 and under $20,000 (CR 5). See TEX. PEN. CODE §§ 31.03(a) and 31.03(e)(4)(A).[1] Two prior felony conviction were alleged to enhance punishment to that of a second degree felony (CR 5). See TEX. PEN. CODE § 12.425(b). The jury found Chambers guilty as charged in the indictment (7 RR 88).

---

[1] The theft statute has been amended since Chambers allegedly committed the offense alleged in the indictment. *See* Acts 2015, 84th Leg., ch. 1251 (H.B. 1396), § 10, eff. Sept. 1, 2015. The amendments do not affect Chambers' conviction.

Punishment was tried to the court (8 RR). Chambers pled not true to the prior convictions alleged for enhancement of punishment (8 RR 7). The trial court found the prior convictions true and assessed punishment at 15 years in prison (8 RR 84).

This point of error is directed at the erroneous recitation in the judgment concerning the degree of offense for which Chambers was convicted. Specifically, the judgment erroneously states the degree of offense as: "State Jail Felony Enhanced to 2nd Degree Felony" (CR 35).

Both *Campbell v. State*, 49 S.W.3d 874 (Tex. Crim. App. 2001) and *State v. Webb*, 12 S.W.3d 808 (Tex. Crim. App. 2000) acknowledge state jail felony offenses are classified as either "aggravated" or "unaggravated/non-aggravated". *See Campbell*, 49 S.W.3d at 877; *Webb*, 12 S.W.3d at 811. Whether or not a state jail felony offense is aggravated or unaggravated depends upon whether the offense is punishable under § 12.35(a), reserved for unaggravated state jail offenses, or punishable under § 12.35(c), reserved for aggravated state jail offenses. *See Webb*, 12 S.W.3d at 811.

As explained in *Ford v. State*, 334 S.W.3d 230 (Tex. Crim. App. 2011), while the punishment range for an offense may be enhanced, the enhancement has no bearing on the character of the underlying offense. *Ford*, 334 S.W.3d at 234.

18

When applicable, § 12.35(c) increases the punishment level for a § 12.35(a) state jail felony to a third-degree felony, but the primary offense itself remains a state jail felony. *Id.*

Even if a defendant is not being harmed by a deficiency in a judgment, he nevertheless has an interest in having the judgment correctly reflect the findings of the trial court and the jury. *Howell v. State*, 563 S.W.2d 933, 936 (Tex. Crim. App. 1978). A judgment should properly recite the degree of the offense for which the defendant was convicted. TEX. CRIM. PROC. CODE art. 42.01 § 14.

The general rule is that if an appellate court has the necessary data and evidence before it, the judgment may be modified or reformed on appeal. *Splawn v. State*, 160 S.W.3d 103, 107 (Tex. App. - Texarkana 2005, pet. ref'd). This Court has the authority to modify the judgment of a trial court. TEX. R. APP. P. 43.2(b). The authority to modify a judgment includes reformation of a judgment which fails to correctly reflect the degree of the offense for which the defendant was convicted. *Land v. State*, 291 S.W.3d 23, 31 (Tex. App. – Texarkana 2009, pet. ref'd); *Jackson v. State*, 288 S.W.3d 60, 64 (Tex. App. – Houston [1st Dist.] 2009, pet. ref'd).

The record contains the necessary data and information for modification of the judgment. This Court should modify the judgment to properly reflect the

19

degree of felony for which Chambers was convicted was that of a state jail felony rather than a second degree felony offense.

**Prayer**

Wherefore, premises considered, David Sylvester Chambers prays this Honorable Court will reverse the judgment of conviction and remand to the trial court for a new trial, remand to the trial court for a new punishment hearing, reform the judgment, or enter any other relief appropriate under the facts and the law.

Respectfully submitted,

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

1411 West Avenue
Suite 100
Austin, TX 78701

(512) 469-7943
(512) 474-5594 – facsimile
wetzel_law@1411west.com

Attorney for Appellant
David Sylvester Chambers

## Certificate of Compliance

This pleading complies with TEX. R. APP. P. 9.4.  According to the word count function of the computer program used to prepare the document, the pleading contains 4,065 words excluding the items not to be included within the word count limit.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300

## Certificate of Service

This is to certify that a true and correct copy of the foregoing pleading was emailed to counsel for the State, Doug Howell, Assistant District Attorney, at his email address of dhowell@co.brazos.tx.us on this the 19th day of October, 2015.

/s/ Richard E. Wetzel
Richard E. Wetzel
State Bar No. 21236300